PER CURIAM:
 

 This appeal turns on the question of when one may move for an extension of time under Fed.R.Bankr.P. 4007(e) regarding the dischargeability of debts. Because we find that the District Court correctly upheld the Bankruptcy Court’s ruling that such request for extension must be filed before the time period for filing a dis-chargeability complaint has run, we affirm the District Court’s decision.
 

 In August 1985, Bronson Byrd, appellant in this case, filed suit against William Alton, debtor in the bankruptcy proceeding from which this appeal stems, in federal court in Virginia to recover monies that Alton had allegedly taken or withheld fraudulently. At that time Alton had not filed a bankruptcy petition. Several months later, on November 7, 1985, Alton filed a Chapter 11 petition in Florida. On November 26, 1985, debtor Alton’s counsel filed notices of Chapter 11 reorganization and of automatic stay. On the same day a copy of such notice was sent to Byrd’s counsel, although the notice was not dated and did not indicate the date of the Chapter 11 filing or the date set for the creditors’ meeting. Appellant acknowledges that this notice was received.
 

 Because Alton never listed Byrd as a creditor on Alton’s bankruptcy petition, neither Byrd nor his counsel received notice from the court of either the creditors’ meeting or of the last day to file complaints regarding dischargeability of debts. Only several weeks after the bar date had passed did Byrd learn of the deadline; he thereafter filed an application for an extension of time to file a complaint with the Bankruptcy Court.
 

 Under the Bankruptcy Code, upon confirmation of a Chapter 11 debtor’s plan of reorganization, unsecured debts included in the debtor’s plan are discharged. 11 U.S.C. sec. 1141. Excepted from such discharge, however, are debts arising from fraudulent or malicious conduct,
 
 if the
 
 creditor files a complaint in a timely manner, that is, “not later than 60 days following the first date set for the meeting of creditors,” and prevails on that complaint. Fed.R.Bankr.P. 4007(c) and 11 U.S.C. sec. 523(a)(2), (a)(4), (a)(6).
 

 In this case, because Byrd filed no complaint against discharge within the applicable time period and because he had filed no motion for extension before the applicable time period expired, the Bankruptcy Court denied his application, 64 B.R. 221. That court stated that Byrd had been on timely notice of the Chapter 11 proceeding and therefore had a duty to inform himself about hearing dates and bar dates. The District Court affirmed the Bankruptcy Court decision.
 

 Creditor Byrd brings the present appeal on three grounds. He contends first, that because he received no notice from the court as required by Rule 4007(c), his request for an extension of time to file a dischargeability complaint is not barred under that same rule. He next contends that the denial of his request to file a discharge-ability complaint when he never received the required notice of the bar date is a violation of his fifth amendment right of due process. Finally Byrd contends that principles of equity demand that he be allowed to file his dischargeability complaint, because it was debtor’s own conduct that caused Byrd to miss the filing deadline.
 

 At the outset, we reject Byrd’s equities argument. It is true that there are some disturbing aspects to this case. We are particularly troubled that debtor Alton did not include appellant Byrd on the list of creditors made out pursuant to 11 U.S.C. sec. 521 and filed with his bankruptcy petition; and yet, some three weeks later, debt- or Alton, through his attorneys, sent Byrd notice of the petition for a Chapter 11 reorganization and notice of the automatic stay. Thus, debtor Alton, by his own actions, first deprived creditor Byrd of official notice at various stages of the proceedings pursuant to the Bankruptcy Code by omitting Byrd from the creditor list; and
 
 *459
 
 Alton then
 
 put Byrd on actual notice
 
 that a proceeding was pending by mailing the notice of the proceeding and of the stay.
 
 [1]
 

 The actual notice deprived Byrd of making any later claim of nondischargeability of his claim on the ground of lack of knowledge.
 
 See
 
 11 U.S.C. sec. 523(a)(3)(B). At the same time, the actual notice from the debtor might well have led creditor Byrd to believe that debtor Alton recognized Byrd as a creditor and had probably named Byrd on the creditor list in the bankruptcy proceeding as required by the Bankruptcy Code. Debtor Alton’s actual notice to Byrd thus could have induced creditor Byrd to believe that Byrd would receive the normal notices from the court of the dates for the creditors’ meeting and the bar date for filing a complaint regarding the discharge-ability of debts.
 

 Appellant emphasizes these harsh facts. “We agree that this is a hard case, but we cannot agree that it should be allowed to make bad law.”
 
 FCC v. Woko, Inc.,
 
 329 U.S. 223, 229, 67 S.Ct. 213, 216, 91 L.Ed. 204 (1946) (Jackson, J.). Despite the misleading actions, inadvertent or intentional, of debtor Alton, the time specifications set out in the Bankruptcy Code are sufficiently clear to have placed an obligation on creditor Byrd to follow the case and to take the timely action necessary to pursue his claim. We leave it to the Bankruptcy Court to decide whether debtor Alton’s actions, if in bad faith, can and should affect confirmation of his reorganization plan. Appellant’s equities argument is thus rejected.
 

 Appellant’s interpretation of the Bankruptcy Code and Rules is also unavailing. The dictates of the Code and Rules are clear. It is not our place to change them. Under Rule 4007(c),
 
 [2]
 
 any motion to extend the time period for filing a dischargeability complaint must be made
 
 before
 
 the running of that period. There is “almost universal agreement that the provisions of F.R.B.P. 4007(c) are mandatory and do not allow the Court any discretion to grant a
 
 late filed
 
 motion to extend time to file a discharge-ability complaint.”
 
 See In re Maher,
 
 51 B.R. 848, 852 (Bankr.N.D.Iowa 1985) (and eases cited therein).
 

 If a motion were to be effective, appellant Byrd would have had to have moved for extension no later than February 11, 1986; he first filed his motion on Februaiy 27, 1986. Byrd argues, however, that his dischargeability complaint needs to be filed within sixty days after the first date set for the creditors’ meeting only if the other provisions of Rule 4007(c) have been met— that is, if the court sent him notice of the creditors’ meeting. Because Byrd received
 
 actual
 
 notice of a bankruptcy proceeding with sufficient time to allow him to file a timely dischargeability complaint, his argument on this point fails. The motion was correctly dismissed as untimely.
 
 See Neeley v. Murchison,
 
 815 F.2d 345 (5th Cir.1987) (bankruptcy clerk’s failure to provide notice of dischargeability date and oral assertions of clerk’s office employees that no date had been set did not suspend running of sixty-day period; creditor had actual notice of proceeding so that purposes of notice were met);
 
 In re Rhodes,
 
 61 B.R. 626 (9th Cir.BAP 1986) (although neither creditor nor attorney received notice from court of dischargeability bar date, if they had reviewed bankruptcy file upon learning of the proceeding, they would have had ample time to file complaint before bar date; their complaint was properly denied as untimely).
 

 
 *460
 
 Section 523(a)(3)(B) specifically provides that when a debtor fails to list those debts incurred fraudulently or incurred because of malicious injury to another or lists them too late to allow a creditor to file a proof of claim and a dischargeability complaint in timely manner, then those debts will be undischarged “unless such creditor had notice or actual knowledge
 
 of the case
 
 in time for such timely filing and request” (emphasis added).
 
 [3]
 
 The statutory language clearly contemplates that mere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action, whether or not that creditor received official notice from the court of various pertinent dates. This furthers the bankruptcy policy of affording a “fresh start” to the debtor by preventing a creditor, who knew of a proceeding but who did not receive formal notification, from standing back, allowing the bankruptcy action to proceed without adjudication of his claim, and then asserting that the debt owed him is undischargeable.
 

 Another court, faced with a similar situation and the same argument that appellant Byrd advances, nicely summed up the relevance of the language in section 523 to the problem of notice under Rule 4007(c):
 

 ... [Sjection 523 of the Code, which Rule 4007 is designed to implement, places a heavy burden on the creditor to protect his rights: a debt of the type presented here is automatically discharged unless the creditor requests a determination of dischargeability. The one narrow exception to this rule incorporates a duty-to-inquire approach to notice issues. Under section 523(a)(3)(B), a debt is not automatically discharged if the debtor fails to schedule the creditor
 
 and
 
 the creditor had no notice or
 
 actual knowledge
 
 of the case in time to file a claim and a request for determination of dischargeability. Thus, in cases such as this one, it would be inconsistent with the scheme of section 523 to require technical compliance with the notice provision of Rule 4007: this would place the creditor who has written notice of the bankruptcy (albeit deficient notice under the Rule) in a better position than the unlisted creditor whose debt is discharged under section 523(c) if he merely learns of the bankruptcy proceeding in time to protect his rights.
 

 Neeley v. Murchison,
 
 815 F.2d at 347.
 

 A holding that the language of Rule 4007(c) about notice gives a creditor the right to such official notice before he is under a duty to make inquiries to protect his own rights would conflict with the language of 11 U.S.C. sec. 523, which makes actual notice sufficient to impose a duty-to-inquire on the creditor. We decline to interpret the Rule in a way that would engender such a conflict.
 

 Byrd was unknown to the Bankruptcy Court. The court complied with its statutory duty: the clerk sent the required notices to all creditors listed on the label matrix provided by debtor Alton.
 
 Cf. City of New York v. New York, N.H. & H.B. Co.,
 
 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953) (where judge in reorganization suit did not comply with statute requiring compilation of names and addresses of creditors but instead ordered notice by publication, such publication did not constitute statutory “reasonable notice” so that claims of New York City were not barred even though city knew a reorganization proceeding was under way).
 

 We conclude that there was no due process violation. At a time when he could have protected himself, creditor Byrd re
 
 *461
 
 ceived actual written notice of the bankruptcy proceeding, • a notice adequate “to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections.”
 
 Mullane v. Central Hanover Trust Co.,
 
 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).4
 

 If Byrd, once warned of the bankruptcy proceeding, had made a minimal effort to determine the date of the filing of the petition, he would have realized the outside dates for the filing of his complaint contesting the dischargeability of his claim or for a motion to extend such time. Instead, appellant Byrd made no such effort and cannot now properly complain of the consequences of his inaction.
 

 The district court judgment is AFFIRMED.
 

 [1]
 

 . Although not explicitly stated in the record, it appears that the suit brought by Byrd against Alton in federal court in Virginia was not far along when Alton filed for bankruptcy reorganization. It may have been because there was no judgment in that case that Alton did not feel obliged to list Byrd as a creditor (although this' could have been done with a note as to the status of the proceeding and the contested nature of the claim).
 

 [2]
 

 . Rule 4007(c) reads:
 

 A complaint to determine the dischargeability of any debt pursuant to section 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to section 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.
 

 [3]
 

 . Section 523(a)(3)(B) reads:
 

 (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
 

 [[Image here]]
 

 (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
 

 [[Image here]]
 

 (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of discharge-ability of such debt under one of such paragraphs,
 
 unless
 
 such creditor had notice or actual knowledge of the case in time for such timely filing and request;
 

 [[Image here]]
 

 (emphasis added).