Herbert Warren **LUX, Jr.,** et al., **Plaintiffs/Appellants,**

v.

**SPOTSWOOD CONSTRUCTION LOANS, County of Spotsylvania Bd. of Supervisors, et al., Defendants/Appellees.**

**No. 3:92CV813.**

United States District Court, E.D. Virginia, Richmond Division.

July 1, 1993.

Memorandum Denying Reconsideration April 11, 1994.

Herbert Warren Lux, Jr., pro se.

Patsy Jean Lux, pro se.

James Joseph Burns, Williams, Mullens, Christian and Dobbins, Richmond, VA, for Spotswood Const. Loans, Kenneth S. Potter.

John Adrian Gibney, Jr., Shuford, Rubin, Gibney & Dunn, Richmond, VA, for County of Spotsylvania Bd. of Sup'rs, Larry W. Davis, Michael B. O'Keefe, L. Kimball Payne.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on appeal from the United States Bankruptcy Court for the Eastern District of Virginia. The debtors filed this appeal challenging the propriety of the Bankruptcy Court's Order granting the defendants' motion for summary judgment. This Court has appellate jurisdiction in this matter pursuant to 28 U.S.C. 158(a).

On January 22, 1992, the Plaintiffs filed a Chapter 7 Bankruptcy petition. This petition, filed on the eve of the foreclosure sale of the debtors' house, stayed the foreclosure and sale by defendant Spotswood Construction Loans ("Spotswood"). During the week of January 31, 1992, the debtors received two letters from defendant County of Spotsylvania ("County"). One letter advised the debtors that their water had been connected in violation of the County Code, and consequently, their service would be disconnected on January 31, 1992. The other letter notified the debtors that they must vacate their house until such time as they could obtain an occupancy permit.

Plaintiffs/Appellants, Herbert and Patsy Lux, filed an Adversary Proceeding in the Bankruptcy Court on July 13, 1992, alleging that defendants Spotswood and Potter violated the automatic stay provision by conspiring with defendant County to illegally force debtors from their home. Spotswood is further alleged to have sought to devalue the debt-

**418**

ors' property so as to enable the Bankruptcy Court to grant a lifting of the stay to permit foreclosure by Spotswood.

The defendants filed a motion to dismiss the plaintiffs' complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. The Bankruptcy Court granted the motion, holding that the court lacked subject matter jurisdiction over the debtors' allegations because the claims were non-core claims and unrelated to the bankruptcy case. *Memorandum Opinion* at 5. The court further concluded that since the County was exercising police and regulatory powers in its actions involving the disconnection of the plaintiffs' water service, the County was exempt from the stay of 11 U.S.C. § 362(a) pursuant to 11 U.S.C. § 362(b)(4). *Memorandum Opinion* at 6–7.

■ On appeal from an order granting a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, this case presents primarily issues of law, or mixed questions of law and fact. *In re Levine*, 32 B.R. 742, 743 (S.D.N.Y.1983). Accordingly, this Court must review the matter *de novo*. *In re Knightsbridge Development Co. Inc.*, 884 F.2d 145, 147 (4th Cir.1989).

■ At the time the complaint was filed and the court considered the motions to dismiss, the debtors had received a bankruptcy discharge and their case was closed. As the court noted, the property that was the subject matter of the complaint was no longer part of their bankruptcy estate and relief from stay had been granted so that Spotswood could proceed with foreclosure. *Memorandum Opinion*, at 4. In these situations, the subject matter jurisdiction of the Bankruptcy Court is found in 28 U.S.C. §§ 157 and 1334. *In re Johnson*, 960 F.2d 396, 399 (4th Cir.1992). Under these sections, the Bankruptcy Court has jurisdiction over the original bankruptcy petition, core proceedings, and non-core but related proceedings. *Id.* Since the plaintiffs do not allege that this matter is part of the original petition, the only remaining issue is whether it is a "core proceeding" or a "non-core, related proceeding".

For a case to be considered a "core proceeding", it must be either a proceeding "arising under" Title 11 or a proceeding "arising in" a case under Title 11. In order for a proceeding to "arise under" Title 11, the claim must be predicated on a right created in Title 11. *In re Chargit, Inc.*, 81 B.R. 243, 246 (Bankr.S.D.N.Y.1987). Examples of proceedings which "arise under" Title 11 include preference actions and fraudulent conveyance actions. *In re Boss–Linco Lines, Inc.*, 55 B.R. 299 (Bankr.W.D.N.Y.1985).

On the other hand, "arising in" proceedings are those that are not based on any right expressly created by Title 11 but would have no practical existence but for the bankruptcy. *In Matter of Wood*, 825 F.2d 90, 97 (5th Cir.1987). Examples would include actions to determine the validity of liens or claims.

Since the plaintiffs' conspiracy allegations are not predicated on a right created in Title 11, and the claim exists independent of the bankruptcy, it can not be considered a proceeding that "arises under" Title 11 or "arises in" a case under Title 11. Therefore, since the proceeding does not "arise under" Title 11, does not "arise in" a case under Title 11, and is not one of the specifically enumerated proceeding in 28 U.S.C. § 157(b)(2), it is not a core proceeding for jurisdictional purposes.

■ The Bankruptcy Court could nonetheless have subject matter jurisdiction if the proceeding were related to the bankruptcy case. Determining whether the proceeding is related is crucial because the court can exercise jurisdiction over both core and non-core proceedings so long as the proceedings are related to the underlying bankruptcy case. *In Matter of Wood*, 825 F.2d 90, 93 (5th Cir.1987). A proceeding is considered related if the outcome could in some way alter the parties' rights in bankruptcy or affect the administration of the estate. *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1002 (4th Cir.1986), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984). As noted by the Bankruptcy Court, despite the fact that the plaintiffs' alleged a violation of the automatic stay, the outcome of their

conspiracy suit could not have affected on their closed bankruptcy case. *Memorandum Opinion* at 4.

Based on the above analysis, and concluding that the plaintiffs' complaint was a non-core, unrelated proceeding, this Court must Affirm the Bankruptcy Court's decision that it was without jurisdiction to hear the matter. Accordingly, it is unnecessary to review the court's holding that the County was exercising it police and regulatory powers when it disconnected the plaintiffs' water service because this part of the court's decision is dicta due to the lack of subject matter jurisdiction.

### MEMORANDUM ON RECONSIDERATION

This matter is before the Court on motion by Appellant Herbert Warren Lux, Jr., ("Lux") for reconsideration of the Court's July 1, 1993, decision affirming an Order of the Bankruptcy Court. The Order of the Bankruptcy Court had dismissed a complaint filed by Lux for lack of subject matter jurisdiction. Lux, who is proceeding *pro se,* styles his pleading "Motion to Reconsider" but states that he files pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which authorizes motions for relief from judgments. For reasons given below, regardless of the rule under which the motion is examined, the court finds it to be without merit and denies the motion.

Prior to bankruptcy the Luxes had moved into their Spotsylvania County house, then under construction, without obtaining an occupancy permit or paying the hook up fees for permanent county water service. The house had water service under a temporary hook up for construction purposes. Appellee Spotsylvania County notified the Luxes that they were in violation of the building code and cut off water service in December, 1991. The Luxes turned the water back on at their meter. After more warnings, in late January, 1992, the County removed the water meter connecting the house to the water system.

Also in January, 1992, Lux and his spouse, Patsy Jean Lux ("the Luxes") filed a voluntary bankruptcy petition under chapter 7 and received their discharge in May, 1992. During the course of the bankruptcy proceeding, the Bankruptcy Court had lifted the stay as to the Luxes' real estate so that Appellees Spotswood Construction Loans ("Spotswood") and Kenneth Potter ("Potter"), who were the beneficiary and trustee respectively in a deed of trust, could pursue foreclosure.

In July, 1992, the Luxes filed an adversary proceeding in Bankruptcy Court charging the Appellees, Defendants below, with violation of the stay and conspiracy. The complaint stated:

> Kenneth S. Potter, part owner of Spotswood Construction Loans and Trustee on the deed of Trust for Herbert W. Lux, Jr. and Patsy J. Lux ... did willfully and maliciously violate the automatic stay provision in conspiracy with Spotsylvania County Attorney ... and ... Assistant County Attorney by illegally trying to force debtors from their home, trying to collect $5400.00 for water and sewer connection fees, in direct violation of the automatic stay of the Bankruptcy Code.

Complaint, *In re Lux v. County of Spotsylvania,* adversary proceeding no. 92–3115–T, at 2. The Bankruptcy Court determined that the complaint was not a core proceeding arising under title 11 or in a case under title 11, nor was the complaint related to a bankruptcy proceeding because it could have no effect on the Luxes' closed bankruptcy case. Therefore, the court determined that it was without subject matter jurisdiction and dismissed the matter by order of October 23, 1992.

The Luxes filed notice of appeal to this Court on October 30, 1992. This Court affirmed the Bankruptcy Court by Order and Memorandum Opinion of July 1, 1993.

Lux alone filed the instant motion on July 12, 1993, and while this motion was under advisement, the Luxes filed notice of appeal to the United States Court of Appeals for the Fourth Circuit from the July 1 Order. By Order of August 18, 1993, this Court suspended further action while the matter was on appeal.

On March 28, 1994, the Fourth Circuit dismissed the appeal as premature so long as the instant motion is pending before this

**420**

Court. The motion of Lux for reconsideration of this Court's Order of July 1, 1992, is again ripe for disposition.

In support of his motion, Lux first contends that this Court and the Bankruptcy Court misconstrued the nature of his complaint. He states that he did not intend to charge Defendants below with conspiracy, but only to show that they acted in concert to violate the bankruptcy stay. Lux then proceeds to reargue his contention that Defendants/Appellees violated the stay. Appellees contend that the motion is an improper request for reargument following judgment and should be dismissed.

■ The Court is mindful that Lux is proceeding *pro se*, and that it is bound to liberally and favorably construe his pleadings, including the instant motion. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–52 (4th Cir.) *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978) (courts should liberally construe *pro se* complaint). However, no plausible reading of his motion provides basis for disturbing this Court's Order of July 1, 1993.

■ Lux states that he moves pursuant to Federal Rule of Civil Procedure 60(b)(1) and (2). To succeed with a Rule 60(b) motion, Lux must as a preliminary matter show that the he has a meritorious defense to the order complained of and that setting aside the order would not unfairly prejudice the opposing parties. *National Credit Union Administration Board v. Gray*, 1 F.3d 262, 264 (4th Cir.1993) (citing *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir.1987)). Further, if he moves under Rule 60(b)(1), then he must show "mistake, inadvertence, surprise, or excusable neglect" on his own part that resulted in the order of which he complains. Fed.R.Civ.Pro. 60(b)(1). If he moves under Rule 60(b)(6), then he must show extraordinary circumstances. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, — U.S. —, —, 113 S.Ct. 1489, 1497, 123 L.Ed.2d 74 (1993); *Klapprott v. United States*, 335 U.S. 601, 613–14, 69 S.Ct. 384, 389–90, 93 L.Ed. 266 (1949). Lux's motion makes none of these showing necessary under Rule 60(b).

 If his motion is a motion for amendment of judgment pursuant to Rule 59(e), then he must show one of three grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993). Lux neither asserts nor supports any of these three grounds.

Therefore, the Court finds no grounds upon which to grant the motion of appellant Lux, and the Court denies the motion.