[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11871
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 18, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00443-CV-CB-M
Bankruptcy No. BK-04-11858


ALABAMA DEPT. OF ECONOMIC
AND COMMUNITY AFFAIRS,

                                                      Plaintiff-Appellant,

versus

CHARLES L. LETT, SR.,

                                                      Defendant-Appellee.


_____

Appeals from the United States District Court
for the Southern District of Alabama

_____

(March 18, 2010)

Before EDMONDSON, WILSON, and FAY, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant, the Alabama Department of Economic and Community Affairs ("ADECA"), appeals from a decision of the district court that affirmed a bankruptcy court decision dismissing proceedings initiated by ADECA against ADECA's debtor, Defendant-Appellee Charles L. Lett, Sr., a physician.  No reversible error has been shown; we affirm.

ADECA obtained a state court consent judgment against Dr. Lett after Dr. Lett defaulted on a HUD Section 108 loan issued to Dr. Lett and his corporation.  Before ADECA could enforce this judgment, Dr. Lett filed a Chapter 11 bankruptcy proceeding for himself and his corporation.  In the bankruptcy proceedings, ADECA filed an adversary complaint seeking a determination that Dr. Lett's debt to ADECA was nondischargeable under 11 U.S.C. § 523.  The bankruptcy court entered a judgment dismissing ADECA's adversary proceeding as untimely filed.  ADECA's motion to alter or amend that dismissal was denied; ADECA appealed the order denying that motion to the district court.  The district court affirmed the bankruptcy court.

The relevant underlying facts may be briefly summarized.  On 19 December 2001, ADECA obtained a state court judgment in the amount of $3.012 million

against Dr. Lett due to his default on a HUD Section 108 loan. On 26 March 2004, Dr. Lett filed an individual Chapter 11 bankruptcy petition; and on 29 March 2004, the bankruptcy court issued to Dr. Lett's creditors, including ADECA, a "Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines" (the "Notice"). Among the deadlines listed on the form Notice was the date for the first meeting of the creditors: 13 May 2004.

The Notice contained a section entitled "Deadline to File a Complaint to Determine Dischargeability of Certain Debts;" inexplicably, the space for the date was left blank. ADECA's counsel stated that he understood the absence of a specific date meant that no deadline had been set. Later, ADECA's counsel called the clerk's office and was told by clerk's office personnel that no deadline had been set by the court.

Dr. Lett was deposed as part of the bankruptcy proceedings; the deposition concluded on 23 February 2005. On 24 March 2005, ADECA filed it adversary complaint alleging that Dr. Lett had committed fraud in obtaining the loan.

Under Bankruptcy Rule 4007(c), a creditor -- such as ADECA -- who seeks a determination of the dischargeability of a debt on the grounds alleged by ADECA, must file a dischargeability complaint in the bankruptcy court no later than 60 days after the first date set for the debtor's section 341 meeting of

3

creditors, unless the creditor files a motion for extension of time before the 60 days have expired and that motion is granted by the bankruptcy court. Because the date first set for Dr. Lett's section 341 meeting of creditors was 13 May 2004, under Rule 4007(c), ADECA had 60 days -- until 12 July 2004 -- to file an adversary complaint or to seek an extension to file. ADECA sought no extension; its complaint, filed on 24 March 2005, was filed outside of Rule 4007(c)'s 60-day time period.

In answer to ADECA's complaint, Dr. Lett pleaded the "statute of limitations" generally as an affirmative defense. Neither side filed pretrial dispositive motions addressing that defense. In due course, the bankruptcy court scheduled trial on the merits of ADECA's complaint. Before trial, Dr. Lett filed a "position statement" that asserted, among other things, that the two-year limitations period had expired and that the claim "was filed beyond sixty days of this case being filed."[1] Again Dr. Lett made unclear references to the statute of limitations at the close of ADECA's case. Rule 4007(c) never was cited as the source of the asserted defense.

The trial was completed on 2 February 2006. During the course of the trial,

---

[1]Although the position statement focused on 60 days from the "case being filed," Rule 4007(c) requires a nondischargeability complaint to be filed no later than 60 days after "the first date set for the meeting of creditors."

4

Dr. Lett's counsel made no mention of Rule 4007(c) or the 60-day deadline. Lett's counsel also made no mention of Rule 4007(c) or the 60-day deadline in his closing argument presented in the form of a post-trial brief. ADECA, in its post-trial rebuttal brief, argued that Dr. Lett was not relying on Rule 4007(c)'s 60-day deadline. Dr. Lett disputed ADECA's characterization of his argument in a "surrebuttal brief."

After receiving the post-trial briefing, the bankruptcy court dismissed ADECA's complaint: it was not filed within the 60-day time period required by Rule 4007(c). ADECA filed a motion to alter or amend the judgment; it contended that the late filing of its complaint in the adversary proceeding should be excused because (1) Dr. Lett forfeited the Rule 4007(c) defense when he failed to present it before trial, or (2) the bankruptcy court should have extended the Rule 4007(c) time period under the doctrine of equitable tolling. ADECA's motion was denied; and the district court affirmed that denial.

We have jurisdiction pursuant to 28 U.S.C. § 158(d). Determinations of law -- from the bankruptcy court or the district court -- are reviewed de novo. In re International Administrative Services, Inc., 408 F.3d 686, 698 (11th Cir. 2005); findings of fact made by the bankruptcy court are reviewed for clear error. In re JLJ Inc., 988 F.2d 1112, 1116 (11th Cir. 1993).

5

ADECA argues first that Dr. Lett waived the Rule 4007(c) defense by failing to present it to the bankruptcy court until its post-trial "surrebuttal brief." Defenses afforded by the bankruptcy rules can be forfeited if the party seeking the benefit of the rule waits too long to raise the point. See Kontrick v. Ryan, 124 S.Ct. 906, 916 (2004) (considering limitations period in Bankruptcy Rule 4004).[2] So, if Dr. Lett failed to raise the Rule 4007(c) defense before litigation on the merits, the benefits of the defense would have be forfeited. But the district court determined that Dr. Lett's answer -- which raised a statute of limitations defense -- raised the Rule 4007(c) limitations period as a defense. We agree that Dr. Lett preserved the Rule 4007(c) defense when he pleaded the statute of limitations in his answer even though the answer contained no specific reference to Rule 4007(c).

In discussing the time period for filing claims set out in Bankruptcy Rule 4004, the Supreme Court made clear that such rules constitute a time bar to the filing of a complaint; the Court further opined that "[t]ime bars ... generally must be raised in an answer or responsive pleading." Kontrick, 124 S.Ct. at 917, citing Fed.R.Civ.P 8(c), made applicable to adversary bankruptcy proceedings by Bankruptcy Rule 7008(a). Rule 8(c) requires a party to plead certain affirmative defenses -- including the statute of limitations -- but sets forth no other details of

---

[2]Bankruptcy Rules 4004 and 4007 essentially have the same time prescriptions. See Kontrick, 124 S.Ct. at 911 n.3.

6

the pleading requirements.  Other courts, citing <u>Kontrick</u>, have held that the time-limits prescribed in Rules 4004 and 4007 are akin to statutes of limitations, <u>see</u> <u>Disch v. Rasmussen</u>, 417 F.3d 769, 776 (7th Cir. 2005.  We have referred to similar time requirements as statutes of limitations.  <u>See</u> <u>Bryant v. U.S. Dept. of Agriculture</u> , 967 F.2d 501, 504 (11th Cir. 1992) (treating 30-day period in which to file Title VII action after receipt of right to sue letter as akin to statute of limitations).  At the pleading stage, by asserting a statute of limitations defense in his answer, Dr. Lett preserved the limitations defense provided by Rule 4007(c).

ADECA argues that even if the Rule 4007(c) defense was preserved, Dr. Lett "subsequently forfeited" that defense by failing to pursue it until after trial. But the bankruptcy court concluded that the Rule 4007(c) defense was raised -- albeit inartfully -- by Dr. Lett  (1) in his answer; (2) in his pretrial position statement; (3) at the close of ADECA's evidence; and (4) in a post-trial brief.  And once preserved, the timing of when a defense should be heard is within the sound discretion of the trial court.  "[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them."  <u>Chudasama v. Mazda Motor Corp</u>.,, 123 F.3d 1353, 1366 (11th Cir. 1997).  While that discretion is not unfettered, <u>see</u> <u>id</u>. at 1367, the trial court is in the best position to determine whether, in the orderly and fair administration of the case, an issue was sufficiently preserved

7

pretrial and, appropriately, could be ruled on after the presentation of evidence at trial. ADECA demonstrates no unfair prejudice. While litigation expenses may have been avoided if the bankruptcy court earlier had resolved issues related to the timeliness of ADECA's complaint, we can not say that, under these circumstances, the bankruptcy court decision rests on clearly erroneous factual findings or that a clear abuse of discretion was committed when the Rule 4007(c) ruling was made post-trial.

ADECA also argues that the bankruptcy court should have extended the Rule 4007(c) filing period in the light of the clerk's office's failure to include a date in the Notice and that office's assurance that no date had been set. As explained fully in the district court's order affirming the bankruptcy court's decision denying ADECA's motion to alter or amend the judgment, circuit precedent supports squarely the denial of equitable relief. See In re Williamson, 15 F.3d 1037 (11th Cir. 1994) (rejecting argument that reliance on date "to be set" in bankruptcy notice, coupled with assurances from clerk's office that no date had been set, warrants extension of Rule 4007(c)'s 60-day filing requirement); see also In re Alton, 837 F.2d 457, 460 (11th Cir. 1988). Precedent precludes ADECA's argument that inclusion of a date in the Notice was required to trigger Rule 4007(c)'s 60-day filing limitation. And, again for reasons explained fully in the

8

district court's order, ADECA fails to show that the bankruptcy court abused its

discretion by failing to toll the Rule 4407(c) limitations period based on equitable

considerations.[3]

AFFIRMED.

---

[3]In <u>Kontrick</u>, 124 S.Ct. at 916, the Supreme Court expressly left open whether equitable grounds ever may afford relief from the deadlines set out in Bankruptcy Rules 4004 and 4007. Because no sufficient case has been made for equitable tolling, we need say nothing on this issue left open in <u>Kontrick</u>.