**Jin K. CHOI, Appellant,**

v.

**PROMAX INVESTMENTS, LLC, Appellee.**

Civil Action No. 1:12–cv–1560–TCB.

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 26, 2012.

Andrew C. Matteson, Joseph C. Peake, III, Matteson Peake, LLC, Atlanta, GA, Richard Yoon, Law Offices of Richard Yoon, Suwanee, GA, for Appellee.

J. Robert Williamson, Scroggins & Williamson, Atlanta, GA, for Appellant.

### ORDER

TIMOTHY C. BATTEN, SR., District Judge.

Before the Court is Appellant Jin K. Choi's appeal of the portion of the bankruptcy court's order denying his motion for summary judgment. The order and motion were filed in the adversary proceeding commenced by Appellee Promax Investments, LLC.

## I. Background

The facts of this appeal are relatively straightforward. On October 8, 2010, Choi filed a chapter 7 bankruptcy petition, and he listed Promax as a creditor. On October 11, a notice of the case, the creditors' meeting and the case deadlines was mailed to Promax. The notice informed Promax that the deadline to file an adversary complaint was January 14, 2011. Promax received the notice, and it appeared through counsel at the November 15, 2010 creditors' meeting.

The deadline for filing an adversary proceeding passed without Promax's filing anything. On January 17, 2011, Promax electronically filed in Choi's bankruptcy case objections to the discharge of the debt Choi owed to it.[1] The next day, Promax

---

1. Promax contends that it filed an adversary proceeding on this day. However, as the bankruptcy court's subsequent order makes

filed amended objections. Promax did not file a separate adversary proceeding on either day. On January 25, the bankruptcy court entered an order striking the objections and notifying Promax of the deficiencies in its objections and of its failure to file an adversary proceeding.

On February 7, Promax filed a motion for reconsideration, in which its attorney explained that a winter storm prevented him from accessing his office and timely filing the adversary proceeding and objections. As for his filing objections but not the adversary proceeding, counsel explained that he had followed the instructions of the bankruptcy court's chambers. On February 18, the bankruptcy court entered an order that essentially granted Promax's motion and allowed it to file an adversary proceeding after the deadline.

On February 22, Promax filed its adversary complaint in which it sought to reinstate its over $1.3 million judgment lien against Choi. In his answer, Choi asserted an affirmative defense based on Promax's failure to timely file the adversary proceeding as required by Rules 4004 and 4007 of the Federal Rules of Bankruptcy Procedure.

On July 15, 2011, Choi filed a motion for summary judgment in the adversary proceeding seeking summary judgment on his timeliness defense among other arguments. On April 2, 2012, the bankruptcy court issued an order that granted in part and denied in part Choi's motion. The court denied it as to Choi's timeliness defense because the court found that Promax's failure to comply with the prescribed time periods was excused under the doctrine of equitable tolling.

On April 16, 2012, Choi filed a notice of appeal as to the portion of the order that

clear, Promax had not properly filed that pro-

denied summary judgment on his timeliness defense.

## II. Standard of Review

In its appellate capacity, a district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." FED. R. BANKR.P. 8013. In its review, a district court is required to accept the bankruptcy court's factual conclusions unless they are found to be clearly erroneous. *Id.* However, the bankruptcy court's conclusions of law are subject to de novo review. *In re Calvert,* 907 F.2d 1069, 1071 (11th Cir.1990).

## III. Legal Standards

The Federal Rules of Bankruptcy Procedure relevant to this appeal are Rules 4004 and 4007.

Rule 4004 addresses how and when a creditor can object to a debtor's discharge. In a chapter 7 bankruptcy action, the creditor must file a complaint or motion objecting to the discharge no later than sixty days after the creditors' meeting. A creditor can seek an extension of time by filing a motion in the bankruptcy action before the deadline. An extension of time may be sought after the deadline only if certain criteria are met; Promax does not argue that this portion of Rule 4004 applies to this case.

Rule 4007 governs determinations of whether a debt is dischargeable. A debtor or creditor may file a complaint to determine the dischargeability of any debt. If the complaint is brought under 11 U.S.C. § 523(c), as in this case, the complaint must be filed within sixty days after the first date set for the creditors' meeting.

ceeding.

Under both rules, Promax had to file the required documents on or before January 14, 2011.

## IV. Analysis

In his motion for summary judgment, Choi argued that Promax's adversary proceeding was untimely and that Rules 4004 and 4007 absolutely barred the late filing of its complaint. The bankruptcy court disagreed. It found that equitable tolling of the filing deadline was allowed under both rules and appropriate in this case, even though Promax did not seek an extension prior to the deadline. Thus, the court held that Promax's complaint would be allowed.

On appeal, Choi renews his argument that the time periods prescribed in Rules 4004 and 4007 may not be excused under the doctrine of equitable tolling when a creditor does not seek an extension prior to the deadline. Choi contends that in *Byrd v. Alton,* 837 F.2d 457, 459 (11th Cir.1988), the Eleventh Circuit held that Rule 4007's filing deadline could not be equitably tolled for a late-filed proceeding, and thus he asserts that circuit precedent explicitly forbids the relief the bankruptcy court afforded Promax.

Review of the bankruptcy court's order shows that it agreed with Choi that *Alton* stood for the proposition that the time limitation in Rule 4007 was mandatory and could not be modified by a late-filed motion to extend the deadline. However, the bankruptcy court also found that *Alton*'s holding was based upon the circuit's finding the deadlines in Rules 4004 and 4007 were jurisdictional, and that the holding in *Kontrick v. Ryan,* 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), in which the Supreme Court determined that those rules were not jurisdictional, cast doubt on whether *Alton* remained good law. The bankruptcy court then noted that the circuit has not explicitly addressed whether *Alton* is still good law in light of *Kontrick,* i.e., whether equitable tolling of the deadlines in Rules 4004 and 4007 is now permitted. In light of the circuit's silence on the direct issue, the bankruptcy court looked at other circuit and bankruptcy court opinions issued after *Kontrick* and determined that it could equitably toll the deadline imposed by Rules 4004 and 4007 and that Promax had presented sufficient facts in this case to justify doing so.

In reaching its conclusion, the bankruptcy court did not explicitly find that *Kontrick* abrogated *Alton,* but the *Kontrick* holding appears to have motivated the bankruptcy court to look at other cases after *Kontrick* to determine whether equitable tolling was permitted if the deadlines in Rules 4004 and 4007 were not jurisdictional. However, review of Eleventh Circuit precedent shows that resolution of Choi's motion does not require a determination of the effect of *Kontrick* on *Alton* and whether equitable tolling of the Rules 4004 and 4007 deadlines is now allowed.

In *Kontrick,*[2] the Court addressed whether the debtor "forfeited his right to

2. *Kontrick* is not directly on point with the issue before this Court. The Supreme Court noted in its opinion that *Kontrick* involved "no issue of equitable tolling or any other equity-based exception," and consequently the Court did not address "[w]hether the Rules, despite their strict limitations, could be softened on equitable grounds." 540 U.S. at 457, 124 S.Ct. 906. Thus, *Kontrick* is at most persuasive authority but not binding precedent that overrules or abrogates *Alton. See Main Drug, Inc. v. Aetna U.S. Healthcare, Inc.,* 475 F.3d 1228, 1230 (11th Cir.2007) ("Of course, we will not follow prior panel precedent that has been overruled by a Supreme Court decision, but without a clearly contrary opinion of the Supreme Court or of this court sitting en banc, we cannot overrule a decision of a prior panel of this court.") (internal quotations, citation and alteration omitted).

assert the untimeliness of [the creditor's] amended complaint by failing to raise the issue until after that complaint was adjudicated on the merits." The Court ultimately held that a debtor's defense premised upon a creditor's failure to comply with the Rule 4004 deadline could be waived. However, *Kontrick*'s analysis of Rule 4004 does not impact how this circuit has previously addressed the issue of equitable relief sought by creditors who had missed the Rules 4004 and 4007 deadlines. As the below cases show, the circuit begins with analyzing the merits of the creditor's equitable argument, and because the circuit has not found availing any creditor's argument that equity demanded a late filing be allowed, it has not addressed whether the deadlines in Rules 4004 and 4007 can be equitably tolled.

For example, in *Alton*, 837 F.2d at 458–59, the creditor argued, *inter alia*, that his failure to file his dischargeability complaint by the Rule 4007 deadline should be excused based upon "the principles of equity." The circuit disagreed. In rejecting the creditor's equity argument, the court found it troubling that the debtor had not listed the creditor on his list of creditors but noted that the debtor later sent the creditor actual notice of the bankruptcy suit. The circuit reasoned that the deadlines set forth in the bankruptcy code were sufficiently clear and that after receiving actual notice, the creditor should have complied therewith. Thus, the court held that while "this is a hard case," it did not

"agree that it should be allowed to make bad law," i.e., principles of equity did not demand that the creditor's late-filed adversary proceeding be accepted.

Important for purposes of this appeal is the fact that in *Alton* the circuit did not reject the creditor's equity argument on the basis that Rule 4007 does not allow courts to equitably toll the filing deadline.[3] Rather, the circuit first evaluated the merits of the creditor's equity argument and because the court rejected that argument, it did not address whether Rule 4007 would permit a late-filed adversary proceeding based upon equitable considerations. Similarly, in *In re Williamson*, 15 F.3d 1037, 1040 (11th Cir.1994) and *Alabama Department of Economic & Community Affairs v. Lett*, 368 Fed.Appx. 975, 979 (11th Cir.2010), the circuit did not address whether the Rule 4007 deadline could be equitably tolled because the court rejected at the outset the creditor's equity arguments. In fact, it does not appear that the circuit has ever found a creditor's equity arguments with respect to Rules 4004 and 4007 availing, and as a result the circuit has yet to address the interplay between equitable tolling and those two rules.

More importantly, these cases show that the circuit first evaluates whether the creditor's equitable arguments have merit. As a result, this Court can address the merits of Promax's equitable arguments without first resolving the impact of *Kon-*

---

**3.** In addressing the creditor's other argument that Rule 4007 would allow his late-filed motion for an extension of the deadline, the circuit held that "[u]nder Rule 4007(c), any motion to extend the time period for filing a dischargeability complaint must be made *before* the running of that period." *Alton*, 837 F.2d at 459. The court explained that "[t]here is 'almost universal agreement that the provisions of F.R.B.P. 4007(c) are mandatory and do not allow the Court any discretion to grant

a *late filed* motion to extend time to file a dischargeability complaint.'" *Id.* (quoting *In re Maher*, 51 B.R. 848, 852 (Bankr.N.D.Iowa 1985)).

This is the language that the parties are disputing on this appeal; however, this portion of *Alton* is separate from the circuit's analysis of the creditor's equity arguments. Moreover, as discussed *infra*, the Court need not reach what Rule 4007 will and will not allow, as Promax's equity arguments fail.

*trick* on Rules 4004 and 4007. Thus, it does not matter whether the Court can equitably toll the Rules 4004 and 4007 deadlines as a result of *Kontrick* if Promax's equitable arguments fail.

Review of the record before the Court shows that Promax is not entitled to equitable relief. In *Alton, Williamson* and *Lett,* the circuit was unsympathetic to creditors' explanations for why they had missed the deadline and were entitled to equitable relief. The court found that the deadlines in the bankruptcy code were clear and the record showed in all three cases that the creditors had actual notice of the bankruptcy case and were not prevented from complying with the deadlines set forth in the code. Consequently, the circuit rejected their arguments that equity should excuse their failure to comply with the filing deadline.

Similarly, Promax knew the deadline for its adversary filings, and it has not adequately explained how it was prevented from, at a minimum, electronically filing by the deadline a motion for an extension of time. Its counsel contends that inclement weather prevented him from going to his office and filing the objections and adversary complaint. However, counsel had the choice to file by the deadline either his client's objections and the adversary proceeding or a motion for an extension of time. Counsel has not explained how the weather prevented him from (1) electronically filing a motion for an extension of time, which would not require access to his case notes at the office, or (2) calling the bankruptcy court or opposing counsel and finding a solution to his predicament before the deadline. Indeed, counsel filed his late objections electronically, which shows he had access to the court's electronic filing system and knew how to use it, and there is nothing in the record showing that counsel did not have this access from his home or elsewhere (besides his office). Furthermore, the bankruptcy court and opposing counsel's office were both open both the day before the deadline and the day of the deadline, and Promax's counsel could have called them to attempt to work out a compromise, e.g., having opposing counsel file a motion or consent order.

Consequently, while "this is a hard case," Promax is not entitled to equitable relief, and the Court need not address whether Rules 4004 and 4007 vest it with discretion to permit Promax's late-filed adversary proceeding and objections based upon the doctrine of equitable tolling.

## V. Conclusion

The bankruptcy court's order denying Choi summary judgment on its timeliness defense is REVERSED.

IT IS SO ORDERED.