In the Matter of Timothy
P. HARPER, Debtor.

United Community Bank, Plaintiff,

v.

Timothy P. Harper, Defendant.

Bankruptcy No. 11–14105–WHD.
Adversary No. 12–1080.

United States Bankruptcy Court,
N.D. Georgia,
Newnan Division.

March 19, 2013.

---

Paul G. Durdaller, Stites & Harbison PLLC, Atlanta, GA, for Plaintiff.

H. Matthew Horne, Rosenzweig, Jones, Horne & Griffis, P.C., Newnan, GA, for Defendant.

## *ORDER*

W. HOMER DRAKE, Bankruptcy Judge.

Before the Court is the Motion to Reconsider (hereinafter the "Motion"), filed by United Community Bank (hereinafter the "Plaintiff"). The Motion seeks reconsideration of an order entered by the Court on January 29, 2013, in which the Court granted a Motion to Dismiss filed by Timothy P. Harper (hereinafter the "Debtor") of the Plaintiff's Complaint to Determine Dischargeability of a Debt. The Debtor opposes the Motion. This matter arises in a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(A), (I), & (J); 1334.

### PROCEDURAL HISTORY AND FINDINGS OF FACT

On December 13, 2011, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (hereinafter the "Code"), in the Northern District of Georgia, Newnan Division. The meeting of creditors was scheduled for January 19, 2012 and the time set for objecting to discharge (hereinafter the "Deadline") was established as 60 days therefrom, March 19, 2012. The Plaintiff acknowledged having notice of this Deadline.

The Deadline was extended twice by consent order, and the Deadline was ulti-

mately enlarged to November 19, 2012. After failing to obtain consent from the Debtor for a third extension of the Deadline, the Plaintiff proceeded with its intention of commencing an adversary proceeding.

At 11:45 P.M. on the night of the Deadline, the Plaintiff initiated the process of electronically filing its complaint and exhibits onto the Court's CM/ECF system. Upon commencing the uploading of the complaint, the Plaintiff began to experience technical difficulties. The Plaintiff's computers failed to attach the complaint and continuously became unresponsive,[1] or as the Court characterized in its original opinion, the computers "froze." These technical difficulties caused the Plaintiff to undergo the uploading process three separate times before the Complaint successfully uploaded to the system. The delay resulted in the complaint's time stamp being recorded at 12:02:44 on November 20, 2012.[2] Court administrative policies for the Northern District of Georgia only create procedures for rectifying late filings due to technical failures of the Court's CM/ECF system. There are no available procedures when the error occurs due to the failure of a party's own technology. The Plaintiff was informed that nothing was wrong with the CM/ECF system on the night that the Plaintiff commenced its upload and, therefore, consciously took no action seeking to excuse its untimeliness under these policies.

On January 29, 2013, the Court entered an order in which it found that:

1. The unresponsiveness was not the result of the size of the files being uploaded, because the entire size of the complaint and two exhibits totaled less than 1.5 megabytes, well below the 5.0 megabyte size limit set by the Court.

2. Rule 9006(a)(4) defines the "end" of the last day for electronic filing as "midnight in the

(1) complaints seeking to deny the dischargeability of a particular debt under 11 U.S.C. § 523(a)(2) are subject to the timing requirements established in Federal Rule of Bankruptcy Procedure (hereinafter the "Rule (s)") 4007(c),[3] that the text of Rule 4007(c) does not permit extension of the Deadline if filed post-expiration, and that the Rules only authorize the Court to extend the Deadline as prescribed therein, *see* FED. R. BANKR.P. 4007(c) & 9006(b)(3);

(2) under *Byrd v. Alton,* 837 F.2d 457 (11th Cir.1988), the Bankruptcy Court is "without discretion to grant a late filed motion to extend time to file a dischargeability complaint," and that *Byrd* was not abrogated by *Kontrick v. Ryan,* 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), remains good law, and is binding on this Court, *see United Community Bank v. Harper,* 489 B.R. 251 (Bankr.N.D.Ga. 2013);

(3) even if *Byrd* was not good law, equitable relief has only been afforded in limited circumstances in this Circuit, none of which were present in this case: (A) extraordinary circumstances beyond the creditors control, (B) a debtor's conscious effort discouraging filing, (C) affirmative and misleading clerk error, and (D) no actual knowledge of the bankruptcy proceedings until there was not sufficient time to act within the 60 day time frame. *See United Community Bank v. Harper,* 489 B.R. 251 (Bankr.N.D.Ga.2013).

On February 12, 2013, the Plaintiff filed the instant motion for reconsideration.

court's time zone...." FED. R. BANKR.P. 9006(a)(4).

3. The time set forth in Rule 4007(c) is 60 days after the first date set for the meeting of creditors under 11 U.S.C. § 341 of the Code. *See* FED. R. BANKR.P. 4007(c).

The Plaintiff lays out a two-pronged reason for why the Court should reconsider its order dismissing the adversary complaint. First, the Plaintiff asserts that the Court committed manifest error by applying *Byrd* as an absolute bar after the Supreme Court's decision in *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) and by failing to account for what it terms "the controlling opinion" of U.S. District Judge Batten in *Choi v. Promax Investments, LLC*, 486 B.R. 541 (N.D.Ga.2012). Secondly, the Plaintiff also contends that the Court erred by not finding "extraordinary circumstances" in this case. Relief in this instance is predicated on both prongs being accepted by this Court, for without the first prong's being met, the Court has no discretion to use equitable principles, and without the second prong's being met, the facts do not avail themselves of equitable relief.

## CONCLUSIONS OF LAW

■ Rule 59(e) of the Federal Rules of Civil Procedure grants bankruptcy courts license to alter or amend an order or a judgment after its entry. *See* FED. R.CIV.P. 59(e) (made applicable to bankruptcy proceedings by Rule 9023 of the Federal Rules of Bankruptcy Procedure); *see also In re International Fibercom, Inc.*, 503 F.3d 933, 946 (9th Cir.2007) ("Under Rule 59(a), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9023, a court has the discretion to reopen a judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law, or make new findings and conclusions."). "The rule permits a court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *In re E–Z Serve Convenience Stores, Inc.*, 2004 WL 3095842 (Bankr.M.D.N.C.2004) (citing *Russell v. Delco Remy Div. of Gen. Motors*

*Corp.*, 51 F.3d 746, 749 (7th Cir.1995)). This provision is limited, however, to the correction of any manifest errors of law or misapprehension of fact. *See In re Kellogg*, 197 F.3d 1116, 1120 (11th Cir.1999); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993); *Lux v. Spotswood Constr. Loans*, 176 B.R. 416, 420 (E.D.Va.1993), *aff'd*, 43 F.3d 1467 (4th Cir.1994). It is not to be used simply to obtain a "second bite at the apple" or to make new arguments that should have been made to the Court in the first instance. *See In re Trimble House Corp.*, 2004 WL 5848044, *2 (Bankr. N.D.Ga.2004) (Murphy, B.J.) (citing *O'Neal v. Kennamer*, 958 F.2d 1044 (11th Cir.1992)).

### A.

■ As indicated above, the Plaintiff argues against the Order on a two-pronged basis. Plaintiff's first contention is that the Court committed manifest error in holding that *Byrd v. Alton*, 837 F.2d 457 (11th Cir.1988) creates an absolute bar in light of *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), and that the Court failed to account for *Choi v. Promax Investments, LLC*, 486 B.R. 541 (N.D.Ga.2012) and is bound by that decision. The Court has discussed at length the reasoning behind its support of Byrd as binding precedent, *See United Community Bank v. Harper*, 489 B.R. 251 (Bankr. N.D.Ga.2013), and sees no reason to change its assessment in light of *Choi*.

■ As a threshold matter, this Court is not bound by Judge Batten's decision in *Choi. See In re Shubert*, 147 B.R. 618, 618 (Bankr.N.D.Ga.1992) (Murphy, B.J.) ("Only the decision of the Court of Appeals is binding precedent.") (overturned on substantive grounds); *see also In re Fuzion Tech. Grp., Inc.*, 332 B.R. 225, 235 n. 33 (Bankr.S.D.Fla.2005) (finding that while

the bankruptcy court was not bound to follow the reasoning of a federal district judge in the only opinion interpreting Florida law on the issue, the district court's decision was entitled to deference); *In re Maurer*, 271 B.R. 207, 211 n. 13 (Bankr.M.D.Fla.2002) ("[A] bankruptcy court, as a unit of the district courts, is not bound by a previous decision of a district court even in the same district relating to the same issue when that court is in a multi-judge district since that district court decision would not be binding in that district as a whole.") (citing *In re Shunnarah*, 268 B.R. 657, 661 (Bankr.M.D.Fla. 2001)). Moreover, the Court believes that the Plaintiff has either misinterpreted or overstated *Choi's* holding.

In *Choi*, the District Court reversed a decision by the bankruptcy court granting a post-expiration application to file a complaint objecting to discharge. *Choi*, 486 B.R. at 542–43. The bankruptcy court found that the creditor's failure to comply within the prescribed time was excused under the doctrine of equitable tolling. *Id.* The District Court disagreed, but based its decision on an evaluation of the equitable argument. Important to the Plaintiff is the portion of the opinion where the Court states the following:

> Important for the purposes of this appeal is the fact that in [*Byrd v.*] *Alton* the circuit did not reject the creditor's equity argument on the basis that Rule 4007 does not allow courts to equitably toll the filing deadline. [FN.]. Rather, the circuit first evaluated the merits of the creditor's equity argument and because the court rejected that argument, it did not address whether Rule 4007 would permit a late-filed adversary pro-

ceeding based upon equitable considerations.

*Id.* at 545.[4] Similarly, the Court noted that the Eleventh Circuit failed to address equitable tolling in the context of two other Eleventh Circuit opinions derived from *Byrd*, because they rejected at the outset the creditors' equity arguments. *Id.* at 545. Taken together, the Plaintiff claims that it is "clear" that in the Eleventh Circuit, there is no absolute bar prohibiting the application of equitable tolling. *See* Pl.'s Mot. for Recons. at 3.

Examined out of context, the Court might agree with the Plaintiff's position. However, the Plaintiff fails to account for the footnote in the excerpt above, as well as the remainder of Judge Batten's opinion. The footnote explains that *Byrd* also addressed the creditor's other argument, *whether Rule 4007 would allow a late filed motion*, and "held" that " 'the provisions of F.R.B.P. 4007(c) are mandatory and do not allow the Court any discretion to grant a late filed motion to extend time to file a dischargeability complaint.' " *Choi*, 486 B.R. at 545 n. 3. (quoting *Byrd*, 837 F.2d at 459). The District Court continued by stating that this was the language that both parties were disputing on the *Choi* appeal. *See id.* Without resolving the issue of the disputed language from *Byrd*, the *Choi* Court determined that it could begin its analysis by first looking at the equitable arguments and ascertained that it need not resolve whether equitable tolling is permitted if the creditor's equitable arguments fail. *Id.* at 545–46. Only in the event that the creditor's equitable arguments succeeded would the Court be forced to examine whether the Rule

---

4. As evidenced in its earlier opinion, the Court was not unaware of the *Byrd* Court's review of the equitable arguments. *See United Community Bank v. Harper*, 489 B.R. 251 (Bankr.N.D.Ga.2012) ("Although the Eleventh

Circuit gave some attention to the actual substance of Byrd's equitable argument, the appellate court found that the time period in Rule 4007(c) is absolute.").

4007(c) time period could be tolled. *Id.* Having found the creditor's equitable arguments unsatisfactory, the District Court essentially avoided the question of whether there is an absolute bar prohibiting the application of equitable tolling to the Rule 4007 deadline.

In so much as that, opinion avoids the question, the Court fails to see the "clear" indication that there is not an absolute bar prohibiting the application of equitable tolling in the context of Rule 4007, especially in the light of the plain language found in the *Byrd* opinion.

### B.

The Plaintiff would also have the Court reconsider its previous decision that the circumstances in this case are not extraordinary. The Plaintiff introduces no new facts, but merely recasts its original argument. However, the Court feels obligated to clarify some apparent mis-communications and has, consequently, chosen to readdress the entire reconstruction of the Plaintiff's extraordinary circumstances argument.

The Plaintiff's core argument is that it was diligent in filing and that the technical difficulties were "extraordinary" because they were beyond its control. First, the Plaintiff believes that because experience shows that 15 minutes is sufficient for uploading documents onto the Court's CM/ECF system, it was being diligent. The Court disagrees. Just because there is sufficient time in which to perform an action does not mean that the Plaintiff was diligent in completing that action. As the Court noted in the original opinion, the Plaintiff had 25 days from the conclusion of negotiations with the Debtor until the expiration of the Deadline to file its complaint, and it still failed to file in a timely manner. *See United Community Bank v.* *Harper*, 489 B.R. 251 (Bankr.N.D.Ga. 2013).

Second, the Plaintiff contends that the technical delays were beyond the control of the Plaintiff. Although the Plaintiff may not have known how to deal with the technical problems, especially considering that the Plaintiff had less than 15 minutes to find a solution, the Plaintiff is responsible for and has control over its own equipment. As the Court has stated, computer freezes and other computer related technical difficulties are not uncommon occurrences, and the appearance of one here does not constitute an extraordinary circumstance.

The Plaintiff asserts that the Court's opinion would require practitioners to "imagine the improbable." Pl.'s Mot. for Recons. at 6. The Plaintiff claims the Court's opinion requires attorneys to disregard their experience and account for the unforseen, and asks how much time would be satisfactory. *Id.* To illustrate its point, the Plaintiff hypothesizes that if the same circumstances occurred at 7:00 P.M. and enduring until 12:00 P.M., it would be in the same position that it is in currently. The Court disagrees. First, if the exact same circumstance were in existence, and the Plaintiff began its upload at 7:00 P.M., then it would have completed its upload at 7:17:44, which is well within the Deadline. Second, if the difficulties were to persist for 5 hours, this would have indicated a problem with the CM/ECF system, and the Plaintiff would have had time to follow the appropriate administrative procedures. Third, even if the CM/ECF system was technically operating correctly (a fact the Plaintiff could not have discovered until the next day, in which event some of the administrative procedures should have been followed), the Plaintiff would have had hours to either find another computer to upload the document or attempt to con-

tact the Debtor or opposing counsel. In any event, these facts are not the facts before the Court, and it is an exercise in futility to examine them.

The Plaintiff also objects to the Court's use, in its original opinion, of *In re Faillace*, Case No. A04–93282–PWB, slip op (Bankr.N.D.Ga. Sept. 17, 2004) (Bonapfel, B.J.), in which the creditor summoned a courier to file its complaint roughly an hour before the clerk's office closed. *Id.* Because this case did not deal with a technical failure, the Plaintiff would have the Court hold this case inapposite. The Court, however, alluded to that case for the sole purpose of illustrating that the time and manner in which a plaintiff files its complaint is a choice, and by choosing to file at such late hour, the Plaintiff assumed the potential risks and consequences that last minute filing carried. The Court believes these principles aptly apply in this case.

Finally, in its first opinion, the Court found that there was nothing extraordinary about computer "freezes." In making its point, it referred to the fact that both the private and public sector routinely back up their files at external locations. *See id.* at 17. The Court was not suggesting that the failure of the Plaintiff to back up its files resulted in the technical difficulties on the night of the Deadline. It was merely alluding to the fact that computer "freezes" are not uncommon, as evidenced by this reference to common and pervasive measures used to prevent loss of data in such circumstances.

As the Court stated in *Choi*, the Eleventh Circuit has typically been "unsympathetic to creditors' explanations for why they had missed the deadline and were entitled to equitable relief." *Choi v. Promax Investments, LLC,* 486 B.R. 541, 545–46 (N.D.Ga.2012). For these reasons, the Court again rejects the Plaintiff's argu-

ment that the circumstances illustrated an extraordinary circumstance sufficient to invoke equitable tolling.

### CONCLUSION

For the reasons set forth above, the Court finds no basis upon which to alter or amend the January 29th Order. Accordingly, the Plaintiff's Motion to Reconsider is **DENIED.**

The Clerk is directed to serve a copy of this Order upon the Debtor, the Plaintiff, and respective counsel, the Chapter 7 Trustee, and the U.S. Trustee.