**In re Jesus Roberto SOLER, Debtor.**

**Maria M. Yip, Chapter 7 Trustee, Plaintiff,**

**v.**

**Jesus Roberto Soler, Defendant.**

**Bankruptcy No. 12–14665–LMI.**
**Adversary No. 12–01841–LMI.**

United States Bankruptcy Court, S.D. Florida.

April 23, 2013.

Nicole M. Grimal, Miami, FL, for Plaintiff.

Michael A. Frank, Esq., Miami, FL, for Defendant.

### AMENDED ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND EXTENDING NUNC PRO TUNC THE DEADLINE FOR THE TRUSTEE TO OBJECT TO THE DEBTOR'S DISCHARGE [1]

LAUREL M. ISICOFF, Bankruptcy Judge.

This matter came before the Court on November 14, 2012 upon the Defendant's Motion to Dismiss (ECF # 14), the Trustee's Response in Opposition to Defendant's Motion to Dismiss Complaint (ECF # 20), and the Trustee's Supplemental Memorandum of Law in Support of Trustee's Response in Opposition to Defendant's Motion to Dismiss Complaint (ECF # 21). The Chapter 7 Trustee, Maria Yip (the "Trustee" or "Plaintiff"), filed an adversary proceeding against Debtor Jesus Roberto Soler ("Soler" or "Defendant"), objecting to Soler's discharge pursuant to several subsections of 11 U.S.C. § 727. The Trustee filed the complaint ("Complaint") on August 9, 2012, one day after the Court's deadline of August 8, 2012. The August 8, 2012 deadline was set by the second of two agreed orders extending the original deadline established by Fed. R. Bankr.P. 4007(c) and Fed. R. Bankr.P. 4004(a) (ECF # 63 and ECF # 75).[2]

---

**1.** The Defendant filed a Motion to Reconsider (ECF # 28) correctly pointing out a mistake in this Court's original ruling. In the original order the Court erroneously cited to Fed. R. Bankr.P. 4007(c), rather than to Fed. R. Bankr.P. 4004(a). Rule 4007(c) applies to the deadline to file complaints objecting to the discharge of specific debts pursuant to 11 U.S.C. § 523. The complaint in this case objects to the Debtor's discharge pursuant to various subsections of 11 U.S.C. § 727 to which relief Rule 4004(a) is applicable. The corrections do not impact the ultimate decision of the Court.

**2.** The Defendant, in the Motion to Dismiss, argues that the failure to timely file the Complaint is cause to dismiss this Adversary Pro-

*Legal Analysis*

■ Fed. R. Bankr.P. 4004(a) requires that a complaint objecting to a debtor's discharge under section 727(a)(8) or (a)(9) "shall be filed no later than 60 days following the first date set for the meeting of creditors." The court may extend the filing deadline for cause upon the motion of a party in interest. Fed. R. Bankr.P. 4004(b). However, the motion for extension of time must be filed before the expiration of the original deadline. *Id.* If the motion to extend the filing deadline is not filed prior to the expiration of the deadline set by Fed. R. Bankr.P. 4004(a), a bankruptcy court has no authority to extend the deadline. *Accord Byrd v. Alton (In re Alton)*, 837 F.2d 457, 459 (11th Cir.1988).[3]

Pursuant to Fed. R. Bankr.P. 9006(b)(1), when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... on [a] motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

■ However Fed. R. Bankr.P. 9006(b)(3) limits the court's ability to exercise its discretion—"[t]he court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, only to the extent and under the conditions stated in those rules." Thus, no matter how compelling the equities, a court may not extend the deadline established in Fed. R. Bankr.P. 4004(a). *In re Alton*, 837 F.2d at 459.[4]

In *In re Chira*, 343 B.R. 361, 369–371 (Bankr.S.D.Fla.2006), *aff'd*, 378 B.R. 698 (S.D.Fla.2007), *aff'd*, 567 F.3d 1307 (11th Cir.2009) Judge Olson held that the court could extend *nunc pro tunc* the 11 U.S.C. § 365(d)(1) deadline for a chapter 7 trustee to accept or reject an executory contract after the court had already granted a timely motion seeking to extend the initial 60–day deadline.[5] Judge Olson's *In re Chira*

ceeding. The Trustee, in response, argues that based on the *In re Chira*, 343 B.R. 361 (Bankr.S.D.Fla.2006) decision, the deadline to file a section 727 complaint can be extended pursuant to Fed. R. Bankr.P. 9006(b), once a court grants a timely filed extension of the initial 60 day deadline established by Fed. R. Bankr.P. 4004.

3. *In re Alton* dealt with Fed. R. Bankr.P. 4007(c). The deadline provisions of Fed. R. Bankr.P. 4004(a) and Fed. R. Bankr.P. 4007(c) are identical. It is appropriate to consider cases that examine Fed. R. Bankr.P. 4007(c) when ruling on a Fed. R. Bankr.P. 4004(a) issue. *Kontrick v. Ryan*, 540 U.S. 443, 448 n. 3, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004).

4. In *In re Alton*, the debtor, Mr. Alton, sent a creditor, Mr. Byrd, an undated notice of the bankruptcy. The debtor, in turn, did not list Mr. Byrd in the bankruptcy, so that Mr. Byrd never actually received information about

deadlines from the court. Mr. Byrd then discovered that the deadline to object to the debtor's discharge had expired, and asked the court to extend the deadline *nunc pro tunc*. The court rejected the request even after commenting that the debtor had behaved improperly. 837 F.2d at 459 ("It is true that there are some disturbing aspects to this case.").

5. Judge Olson concluded that once a court extends a deadline in accordance with Fed. R. Bankr.P. 9006(b)(1), a court may further extend that deadline due to a parties' excusable neglect. Judge Olson recognized and agreed with those cases that hold the section 365(d)(1) deadline as absolute, but concluded that those cases did not apply because those cases involved a creditor's failure to request the extension within the initial 60 day period prescribed by section 365(d)(1). *In re Chira*, 343 B.R. at 370–71 (The cases which hold the section 365(d)(1) deadline as absolute "were not cases in which the court had already extended the deadline, thereby creating a time

decision has been adopted by the District Court for the Southern District of Florida. In *PAH Recovery Holdings, LLC, v. Pan American Hospital Corp. (In re Pan American)*, Ch. 7 Case no. 06–CIV 21593 (S.D.Fla. September 2006), Judge Gold affirmed Judge Cristol who held that the 11 U.S.C. § 1121(b) deadlines for exclusivity to file a chapter 11 plan, once extended by court order, may then be adjusted in accordance with Fed. R. Bankr.P. 9006(b). Judge Gold rejected the appellants' arguments that Judge Cristol's actions conflicted with statutory deadlines—

> Appellees state that there is no conflict because they do not seek to modify a deadline set by § 1121(d) at all. Instead, they seek enlargement of a deadline proscribed by an order of the court, namely, the Tenth Extension Order, which provided the appellees until February 12, 2006 to solicit votes on the Debtor's Plan. Rule 9006(b) expressly allows the bankruptcy court to extend a deadline of an act required "by order of the court." Therefore, according to Appellees, the Bankruptcy Court had the capacity to extend the exclusivity period even after the deadline established in the Tenth Extension Order expired, assuming excusable neglect existed.
>
> . . . .
>
> . . . [T]his case does not involve a scenario where the debtor failed to timely move for an enlargement of the *initial* deadline for soliciting votes on a plan. As such, Bankruptcy Judge Cristol had complete authority to adjust the deadline he himself had established, assuming grounds for such extension existed.

deadline established by order of court. Once the court has taken control of the § 365 deadline by extending it once or more, the new deadline is one governed by the general rules governing enlargement of time under Rule

*In re Pan American* at 9–11 (emphasis in the original).

█ The Court agrees with Judge Olson's decision in *In re Chira* and Judge Gold's decision in *In re Pan American*, and finds those holdings applicable to the situation presented here. Fed. R. Bankr.P. 4004(a) requires that a section 727 complaint or a motion requesting an extension be filed within the initial 60 day deadline. However, like the section 1121 deadline in *In re Pan American* and the section 365 deadline in *In re Chira*, Fed. R. Bankr.P. 9006(b)(1) allows the Court to extend a deadline that the Court has established by court order.

█ Having determined that the Court may consider the relief requested by the Trustee in her motion, the Court must now turn to the relief requested. Pursuant to Fed. R. Bankr.P. 9006(b)(1), this Court can extend the deadline *nunc pro tunc* for the Trustee to object to the Debtor's discharge if the Trustee proves excusable neglect. In examining whether a party has proven excusable neglect pursuant to Fed. R. Bankr.P. 9006(b), courts consider: (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including (4) whether it was within the reasonable control of the movant, and (5) whether the movant acted in good faith. *Pioneer Investment Services Co. v. Brunswick Associates LP*, 507 U.S. 380, 385, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In this case the Complaint was filed one day late. Lidia Torres, the legal assistant to counsel for the Trustee, stated in an affidavit that she incorrectly calendared the deadline.

9006(b)(1)."). The Eleventh Circuit noted Judge Olson's ruling on timeliness and by affirming Judge Olson's ruling, by necessary inference, the Eleventh Circuit also affirmed his analysis. *In re Chira*, 567 F.3d at 1310.

The Debtor has not and could not argue that he was prejudiced by the one day (actual just hours) delay, the Trustee moved for relief immediately, and the Court finds that Ms. Torres' calendaring mistake was not done in bad faith. Accordingly, the Court finds that the Trustee has established excusable neglect. In accordance with Fed. R. Bankr.P. 9006(b)(1), the deadline for the Trustee to file a complaint objecting to the Debtor's discharge is extended *nunc pro tunc* to August 9, 2012 and the Defendant's Motion to Dismiss (ECF # 14) is **DENIED.**