[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10943
Non-Argument Calendar

_____

D.C. Docket Nos. 5:13-cv-01877-AKK; 12-bk-83299-JAC-7

In re: LINDA ANN MENDENHALL,

                                                                                    Debtor,

_____

STAN STUART,
d.b.a. Silver River Marina,

                                                            Plaintiff-Appellant,

versus

LINDA MENDENHALL,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 22, 2014)

Before PRYOR, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Stan Stuart appeals the dismissal of his adversary complaint to determine the dischargeability of a debt in a Chapter 7 bankruptcy proceeding. The bankruptcy court dismissed Stuart's complaint as untimely, and the district court affirmed. After a review of the record and the briefs of the parties, we affirm.

## I.

In 2005, Stuart, the appellant here, filed suit against Linda Ann Mendenhall, debtor in the bankruptcy proceeding from which this appeal arises, in New York state court alleging, among other things, legal malpractice and fraud. According to Stuart, he had established liability on the fraud cause of action after lengthy proceedings, and the court had scheduled a hearing to determine damages. But the action was stayed when Mendenhall filed a Chapter 7 bankruptcy petition in the Northern District of Alabama in October 2012.

Upon receipt of Mendenhall's petition, the bankruptcy court set the meeting of the creditors for November 16, 2012, and established January 15, 2013, as the bar date for filing complaints to determine dischargeability of a debt under 11 U.S.C. § 523(a). One day before the bar date, Stuart, proceeding *pro se*, filed a motion to extend the deadline under Rule 4007(c), Fed. R. Bankr. P., stating that he had been unable to appear at the meeting of creditors as a result of Hurricane

Sandy, which caused his home to be flooded and resulted in the destruction of documents pertinent to the debt.  Mendenhall objected to an extension.

After a hearing, the bankruptcy court granted Stuart a "60 day extension" but did not clarify whether the extension ran from the original deadline, January 15, or from the date of the order, January 22.  Assuming that the court intended the latter date, Stuart's counsel filed an adversary complaint under § 532(a) against Mendenhall on March 21, 2013.[1]  Stuart's counsel moved for and was granted admission *pro hac vice* on March 22, 2013.  Mendenhall moved to dismiss the complaint as untimely, relying on the former date, January 15.  Neither party sought clarification of the court's extension order before Stuart filed the complaint.

At a hearing on the motion to dismiss in May 2013, the bankruptcy court acknowledged "poor draftsmanship" of the order and requested briefing on the timing issue.  Stuart then filed a brief with an incorporated motion to extend the filing deadline *nunc pro tunc* if the court determined that the complaint was untimely under the extension order.  Mendenhall responded that the court had no authority to grant an extension without a timely motion under Rule 4007(c).

After receiving the parties' briefs, the bankruptcy court issued a memorandum opinion explaining that Stuart's complaint was due to be dismissed as untimely.  First, the court determined "that the extension was intended to run

---

[1]  11 U.S.C. § 532(c) provides that even debts for fraud will be discharged unless the creditor timely requests a determination that the debt is excepted from discharge.

3

from the date of the original deadline despite any lack of clarity in the order." The court relied on several factors in reaching this result: the extension was granted over the debtor's objection, Stuart's motion did not request a specific period of extension, the sixty-day extension was generous, and Stuart had not sought clarification of the ambiguity.

Finding the complaint to be untimely, the bankruptcy court also determined that it lacked discretion to retroactively extend the deadline set in Rule 4007(c). If no timely motion is filed under Rule 4007(c), "a bankruptcy court has no authority to extend the deadline based on excusable neglect." While acknowledging some case law supporting the position that a court has greater discretion to extend a court-ordered deadline, the bankruptcy court adopted the contrary view that the deadline in this case could not be extended because no timely motion was filed before the expiration of the second deadline. Accordingly, the bankruptcy court dismissed Stuart's complaint.

Stuart timely appealed to the district court, which affirmed, finding that the bankruptcy court had properly interpreted its order, that the court lacked discretion to extend the deadline, and that Stuart's constitutional rights were not violated. Stuart now appeals to this Court, pursuant to 28 U.S.C. § 158(d).

**II.**

In bankruptcy cases, "this court sits as a second court of review and thus examines independently the factual and legal determinations of the bankruptcy court," employing the same standards of review as the district court. *Finova Capital Corp. v. Larson Pharmacy, Inc. (In re Optical Techs., Inc.)*, 425 F.3d 1294, 1299-300 (11th Cir. 2005) (citation and internal quotation marks omitted). Factual findings of the bankruptcy court are reviewed for clear error, and legal conclusions by either the bankruptcy court or the district court are reviewed *de novo*. *Id.* at 1300.

Stuart challenges the dismissal of his complaint as untimely on three grounds. He contends that the bankruptcy court erred in construing its order in favor of the debtor, that the court should have granted a further extension of time even if his complaint had been untimely, and that the court's orders were unconstitutional. We address each argument in turn.

## A.

Stuart first argues that the bankruptcy court improperly dismissed his complaint because the extension order was ambiguous, and Mendenhall failed to allege or show that she would have been prejudiced by proceeding on the complaint. Stuart acknowledges that the bankruptcy court had discretion to interpret its order but argues that the court incorrectly took the side of a "dishonest fraudulent debtor" over an "innocent creditor."

5

We will defer to the bankruptcy court's interpretation of its own order "unless it clearly abused its discretion." *In re Optical Techs.*, 425 F.3d at 1300. The abuse-of-discretion standard "allows a range of choice" for the court, "so long as that choice does not constitute a clear error of judgment." *Rasbury v. IRS (In re Rasbury)*, 24 F.3d 159, 168 (11th Cir. 1994) (citation and internal quotation marks omitted). We have also said that "we are reluctant to disturb a bankruptcy court's judgment interpreting its own earlier order" because the bankruptcy judge "is in the best position to clarify any apparent inconsistencies in the court's rulings." *Ranch House of Orange-Brevard, Inc. v. Gluckstern (In re Ranch House of Orange-Brevard, Inc.)*, 773 F.2d 1166, 1168 (11th Cir. 1985).

While perhaps harsh to Stuart, the bankruptcy court's interpretation of its own order was not an abuse of discretion. As the bankruptcy court explained, the extension was granted over the debtor's objection, Stuart did not ask for a specific extension of time, and Stuart could have sought clarification of the order. Furthermore, the bankruptcy court recognized the order's ambiguity and solicited briefing from the parties on the issue before taking any action on Mendenhall's motion to dismiss. The fact that Stuart's counsel was not admitted *pro hac vice* until March 22, 2013, does not change our conclusion because even *pro se* parties are responsible for complying with procedural rules. *See Moton v. Cowart*, 631 F.3d 1337, 1340 n.2 (11th Cir. 2011) ("While we must construe the pleadings of

6

pro se defendants liberally, we nevertheless have required them to conform to procedural rules.") (citation and internal quotation marks omitted).

We acknowledge that external circumstances may have made it more difficult for Stuart and his attorney to participate in the bankruptcy proceeding and that Stuart's interpretation of the court's order may have been reasonable. Nonetheless, even if we might have interpreted the order in Stuart's favor had it been our call, we must affirm the bankruptcy court on this point because it did not "clearly abuse[] its discretion." *See In re Optical Techs.*, 425 F.3d at 1300; *In re Rasbury*, 24 F.3d at 168.

**B.**

Stuart next contends that the district court should have granted an extension retroactively even if his complaint had been untimely. Stuart relies on *Yip v. Soler (In re Soler)*, 490 B.R. 629 (Bankr. S.D. Fla. 2013), for the proposition that a bankruptcy court has discretion to extend a court-ordered deadline where the failure to timely file was a result of excusable neglect. According to Stuart, because his original motion for an extension was timely, the bankruptcy court retained the authority to enlarge the time to file retroactively.

Relevant here, a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(c) "shall be filed no later than 60 days after the first date set for the meeting of creditors." Fed. R. Bankr. P. 4007(c). While the bankruptcy court

7

may extend this deadline for cause upon the motion of a party in interest, the motion must be filed before the deadline expires. *Id.* ("On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.").

Notably, Rule 9006(b)(3), Fed. R. Bankr. P., provides that the bankruptcy court "may enlarge the time for taking action under" Rule 4007(c), among other rules, "only to the extent and under the conditions stated" in that rule. This is an exception to the bankruptcy court's general authority to extend deadlines under Rule 9006(b)(1), Fed. R. Bankr. P., which provides that "the court for cause shown may at any time in its discretion" enlarge a deadline to act, including "on motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." In sum, according to these rules, the bankruptcy court may enlarge the time for taking action under Rule 4007(c) only when a motion for extension is filed before the time expires. *See Byrd v. Alton ( In re Alton)*, 837 F.2d 457, 459 (11th Cir. 1988) ("[T]he provisions of [Rule] 4007(c) are mandatory and do not allow the Court any discretion to grant a *late filed* motion to extend time to file a dischargeability complaint.") (emphasis in original) (citation and internal quotation marks omitted).[2]

---

[2] Although neither party raises the point, we acknowledge that *Kontrick v. Ryan*, 540 U.S. 443, 124 S. Ct. 906, 157 L. E. 2d 867 (2004), held that Rule 4004(a), a provision containing "essentially the same time prescriptions" as Rule 4007(c), was a nonjurisdictional claims-

8

Under the plain language of the relevant bankruptcy rules, we conclude that the bankruptcy court properly denied Stuart's untimely motion to retroactively extend the deadline for filing a dischargeability complaint under Rule 4007(c). Rule 9006(b)(3) makes clear that the general authority granted in Rule 9006(b)(1) is inapplicable for the purpose of filing a complaint under Rule 4007(c) and that Rules 4007(c) and 9006(b)(3) instead govern timing. Although the court extended the original January 15, 2013, deadline pursuant to a timely motion, the new period to act under Rule 4007(c) expired on March 18, 2013.[3] Stuart did not file another motion for an extension before the time expired. *See* Fed. R. Bankr. P. 4007(c). Rather, he moved for an extension *nunc pro tunc* in May 2013, at the earliest. Accordingly, the district court properly denied his untimely motion for an extension. *See In re Alton*, 837 F.2d at 459.

---

processing rule. Therefore, a debtor may forfeit the right to assert the untimeliness of a creditor's complaint under Rule 4004(a) by failing to raise the issue until after the complaint was adjudicated on the merits. *Id.* at 458-60, 124 S. Ct. at 917-18. However, the Court did not reach the question of "[w]hether the Rules, despite their strict limitations, could be softened on equitable grounds," citing to a split of authority among the circuit courts—including a citation to this Court's decision in *In re Alton* for the proposition that "Rule 4007(c) confers no discretion to grant an untimely motion to extend the time to object, even if the creditor lacked notice of the bar date." *Id.* at 457 n.11, 124 S. Ct. at 916 n.11.

Accordingly, *In re Alton* is still good law for the general rule that the bankruptcy court has no discretion to grant a late-filed motion to extend time to file a dischargeability complaint, at least where the debtor has properly raised untimeliness as an issue. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001) (prior panel ruling binds subsequent panels "unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court"). Here, Mendenhall has properly raised untimeliness as an issue.

[3] The last day of the sixty-day period was Saturday, March 16, 2013, so the period continued to run until the end of the day on Monday, March 18, 2013, the next day that was not a Saturday, Sunday, or legal holiday. *See* Fed. R. Bankr. P. 9006(a)(1)(C).

9

Despite the conclusion reached in *In re Soler*, we cannot interpret the relevant bankruptcy rules to permit an extension of time to file a dischargeability complaint under Rule 4007(c) when the motion is made after the time for seeking it has already expired. *See Anwar v. Johnson*, 720 F.3d 1183, 1185-87 (9th Cir. 2013) (holding that a bankruptcy court had no discretion to retroactively extend the deadline for filing under Rule 4007(c), where the deadline had already been extended pursuant to a timely motion). Otherwise, we risk undermining the strict time limitations imposed by Rule 4007(c). *See Ichinose v. Homer Nat'l Bank (In re Ichinose)*, 946 F.2d 1169, 1172-73 (5th Cir. 1991) (stating that the "strict limitation on the extension of time" under Rules 4007 and 9006(b)(3) "reflects the overall goal of the bankruptcy process to provide individual debtors a fresh start"); *see also FDIC v. Meyer (In re Meyer)*, 120 F.3d 66, 69 (7th Cir. 1997) (noting "rigid observance of the 60-day rule" and describing the purpose of Rule 4007(c) as "encouraging creditors to file their complaints speedily or yield them forever").

Accordingly, even assuming that Stuart has shown that the failure to file a timely complaint was due to excusable neglect, we nonetheless affirm the bankruptcy court's denial of Stuart's untimely motion for an extension.

## C.

10

Finally, Stuart contends that the bankruptcy court's extension order was unconstitutionally vague and that the court's later order interpreting it amounted to an unconstitutional *ex post facto* law. This argument is without merit.

First, to the extent that Stuart can challenge the order on vagueness grounds, any ambiguity in the order was not "so indefinite as really to be no rule or standard at all." *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1310 (11th Cir. 2009) (quotation marks omitted). The order established a firm time period, even if the order may have been susceptible to two reasonable interpretations of when that period began. Nor was Stuart deprived of "notice adequate to apprise him of the pendency of the action and afford him an opportunity to present his objection." *In re Alton*, 837 F.2d at 460-61 (alterations and internal quotation marks omitted). Stuart knew that his time to file a dischargeability complaint was running and could have asked for clarification of the deadline but did not. Second, the Ex Post Facto Clause of the Constitution does not apply here because "the ex post facto bar applies only to criminal laws, not to civil regulatory regimes." *United States v. W.B.H.*, 664 F.3d 848, 852 (11th Cir. 2011).

## IV.

In sum, we conclude that the bankruptcy court did not err in interpreting the extension order or denying Stuart's untimely motion to extend the deadline

retroactively and that the court did not violate Stuart's constitutional rights. Accordingly, we affirm the bankruptcy court's dismissal of Stuart's dischargeability complaint as untimely.

**AFFIRMED.**