KAREN K. SPECIE, Chief U. S. Bankruptcy Judge
THIS MATTER came before the Court for hearing on June 21, 2018 on Defendant's Amended Motion to Dismiss Plaintiffs' First Amended Complaint to Determine Dischargeability of Debt ("Motion," Doc. 35) and Plaintiffs' response ("Response," Doc. 40).[1] These findings and conclusions, announced orally at the hearing, form the basis for the Order Granting Defendant's Amended Motion to Dismiss Plaintiffs' First Amended Complaint to Determine Dischargeability of Debt entered on June 26, 2018.[2]
Defendant filed his voluntary Chapter 7 petition on September 6, 2017. The first date set for the Section 341 meeting of creditors was October 16, 2017; the notice on Official Form 309A set the deadline for filing § 523 complaints as December 15, 2011.[3] Plaintiffs' attorney made an appearance in the bankruptcy case on November 6, 2017.[4] Defendant did not list Plaintiffs as creditors in his original Schedules, but on November 8, 2017 filed amended Schedules E/F on which he included Plaintiffs.[5]
Plaintiffs filed the original complaint commencing this adversary proceeding on December 21, 2017 and their Amended Complaint on December 27, 2017.[6] Defendant's Response to Complaint to Determine Dischargeability of Debt ("Response," Doc. 9), was received by the Clerk and filed on January 24, 2018.[7]
The deadline for filing complaints under Section 523 of the Bankruptcy Code in all cases is contained in Fed. R. Bankr. P. 4007 (c) :
*910 "... a complaint to determine the dischargeability of a debt under § 523 (c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341 (a) .... On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired."[8]
In accordance with Rule 4007 (c) and as set forth on the official notice, the sixty (60) day deadline to file a Section 523 complaint against this Defendant ran on December 15, 2017. Plaintiffs filed their original complaint six (6) days after the deadline. At no point did Plaintiffs file a motion to extend the deadline.
The Eleventh Circuit has held that the deadline to file a complaint under Rule 4007 is a rigid one.[9] Once a creditor has actual knowledge of a bankruptcy case, no matter how it was obtained, it is the creditor's duty to appraise itself of the deadlines by which it is bound, and it cannot claim lack of knowledge or improper notice as a defense to an untimely filing.[10] In Byrd v. Alton , the debtor did not list the creditor in his schedules; rather, three weeks after the debtor filed a Chapter 11 petition the debtor's attorney sent the creditor's attorney an unofficial "notice of Chapter 11 reorganization and automatic stay."[11] The Eleventh Circuit found that the notice was sufficient to give the creditor timely, actual notice of the bankruptcy even though it was sent to the creditor's counsel. It further held that after the attorney's receipt of the notice the creditor "had a duty to inform himself about hearing dates and bar dates."[12] "[M]ere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action, whether or not the creditor received official notice from the court of various pertinent dates."[13]
Here, Plaintiffs had actual notice of the bankruptcy before their attorney filed his Notice of Appearance on November 6, 2017; otherwise they could not have known to retain counsel by that date. Even before entering his appearance in the Chapter 7 case, Plaintiffs' counsel was able to access all information about that case on CM/ECF, including the deadline set for filing § 523 complaints. Once Plaintiffs' counsel entered a formal appearance he began receiving all CM/ECF notices in the case. Plaintiffs, themselves, received official notice of Defendant's Chapter 7 case and the deadline for filing § 523 complaints shortly after Defendant included them as creditors when he filed amended schedules thirty-seven (37) days before the Rule 4007 (c)
*911 deadline.[14]
Plaintiffs do not contest that their original complaint was untimely. Rather, they assert that Defendant's Motion should be denied because the deadline in Rule 4007 (c) is a "mere technicality." Plaintiffs are wrong. As discussed, supra, the Rule 4007 (c) deadline for filing Section 523 complaints is far from a mere technicality; this issue needs no further discussion.
Plaintiffs also urge the Court to deny Defendant's Motion because Defendant did not include them on his original Schedules. This is an argument without factual support. Among other things, Defendant listed Plaintiffs in his amended schedules more than a month before Plaintiffs filed this action.
Plaintiffs' next argument is that Defendant raised the untimeliness of their complaint too late. On this point, Plaintiffs correctly point out that untimeliness of a complaint is an affirmative defense that should be raised in a responsive pleading.[15] But, Plaintiffs' assertion that Defendant waived the affirmative defense of untimeliness by filing his response to the Amended Complaint two days after the deadline set forth in the Summons is incorrect. Plaintiffs' reliance on LSREF2, LLC v. Tauch[16] in support of this contention is misplaced.
In Tauch the Fifth Circuit affirmed the lower courts' rulings that the defendant had waived the affirmative defense of setoff: by the time the defendant raised this defense the plaintiff had relied on the absence of any such defense in proceeding with the case.[17] The court in Tauch acknowledged that "a technical failure to comply with Rule 8 (c) is not fatal..." and that a defendant does not waive an affirmative defense if it was raised at a "pragmatically sufficient time."[18] The defendant in Tauch waited too long.
Defendant here did not wait too long to file his Response. Rule 8 (c), Fed. R. Civ. P., is incorporated into bankruptcy adversary proceedings by Bankruptcy Rule 7008 (c). The Eleventh Circuit construes Rule 8 (c) liberally: "[t]he purpose of Rule 8 (c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly *912 litigate it."[19] In the Eleventh Circuit, if there is no apparent prejudice to a plaintiff by an "untimely" affirmative defense, the court allows the affirmative defense to be addressed.[20] Unlike the plaintiff in Tauch , Plaintiffs here did nothing in reliance on Defendant's filing of his Response on the 32nd day after the Summons was issued.[21] Plaintiffs suffered no prejudice when Defendant raised that defense on day thirty-two rather than on the 30th day.[22]
Having held that Plaintiffs filed this action untimely, it is unnecessary, but instructive, to discuss the merits of the Amended Complaint. The two-page Amended Complaint contains five allegations of "fact": 1) Plaintiffs and Defendant entered into a contract; 2) Defendant was "purporting to deal in commodities materials" but "upon information and belief ... no purchases of materials were ever made;" 3) Defendant did not list any business in his Schedules or Statement of Financial Affairs; 4) Defendant failed to list Plaintiffs as creditors on his schedules; and 5) "upon information and belief" Defendant was not engaged in any type of business with the money Plaintiffs "loaned" him.[23] The Amended Complaint goes on to recite that "as a consequence," Defendant's debt to Plaintiffs is nondischargeable pursuant to 11 U.S.C. § 523 (a)(2), (3), (4) and (6), without even a formulaic recitation of those subsections. This pleading does not rise to the level of particularity required to survive a motion to dismiss. So, even had Plaintiffs filed this action timely their Amended Complaint would not have survived the Defendant's Motion to Dismiss.
CONCLUSION
Plaintiffs did not file this adversary proceeding timely. Defendant did not waive the affirmative defense of untimeliness. Defendant's Amended Motion to Dismiss should be, and is, granted with prejudice.
DONE AND ORDERED on July 2, 2018.

Defendant was self-represented until May 18, 2018, when the law firm of Ausley McMullen entered an appearance to represent Defendant pro bono. Docs. 25 & 28.

Doc. 42.

Case No. 17-40402-KKS, Doc. 25.

Case No. 17-40402-KKS, Doc. 39.

Case No. 17-40402-KKS, Doc. 41.

Docs. 1 & 5. The Return of Service indicates that the Amended Complaint was the only complaint served on Defendant. See Doc. 6.

This pleading was docketed as "Answer/Response to Complaint ."

Fed. R. Bankr. P. 4007 (c) (emphasis added).

Byrd v. Alton , 837 F.2d 457, 459 (11th Cir. 1988) ; See also In re Williamson , 15 F.3d 1037, 1039 (11th Cir. 1994) (citing Byrd v. Alton , the Court held that because the creditor had actual notice of the bankruptcy, the 4007 deadline applied despite an administrative error made by the bankruptcy court).

Byrd v. Alton , 837 F.2d at 459. While there have been exceptions to the rigid time requirements of Rule 4007 (c) which allow equitable tolling, those exceptions do not apply here. In In re Manausa , for example, this Court granted a late filed motion to extend time to file a § 523 complaint where the creditor did not receive actual notice of the bankruptcy proceeding until thirty-six (36) hours prior to the Rule 4007 (c) deadline. In re Manausa , 2013 WL 12233953, Case No.: 13-04282-KKS (Bankr. N.D. Fla. 2013).

Byrd v. Alton , 837 F.2d at 458 (the notice did not contain the petition date or the § 341 meeting date and was not dated).

Ibid.

Id. at 460.

Case No. 17-40402-KKS, Doc. 41.

Fed. R. Civ. P. 8 (c)(1), made applicable by Fed. R. Bankr. P. 7008 states: "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense...." At the hearing, this Court commented that the deadline for filing a Section 523 complaint under Rule 4007 might be jurisdictional. It is not. The Supreme Court has held that the Bankruptcy Rules do not "create or withdraw federal jurisdiction," but rather are "claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate." Kontrick v. Ryan , 540 U.S. 443, 454, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (overruled in part on other grounds as stated in Kay v. Sec'y of Health & Human Serv. , 80 Fed.Cl. 601 (Fed. Cl. 2008) ). In Kontrick , a case involving Bankruptcy Rule 4004 and Code Section 727, the Court reasoned that the time limitations in the Bankruptcy Rules, contrary to those in the Bankruptcy Code, "do not delineate what cases bankruptcy courts are competent to adjudicate." See also In re Fehrs , 391 B.R. 53, 67 (Bankr. D. Idaho 2008).

751 F.3d 394 (5th Cir. 2014).

Id. at 402. In Tauch , the defendant did not raise the affirmative defense of setoff in the answer at all, but rather only in response to the plaintiff's motion for summary judgment. Id. at 397.

Id. at 398. In spite of its ruling, the Court in Tauch acknowledged that granting additional time to file affirmative defenses is discretionary. Id. at 402.

Hassan v. U.S. Postal Service , 842 F.2d 260, 263 (11th Cir. 1988).

"When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8 (c) does not cause the plaintiff any prejudice. And, when the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to hear evidence on the issue." Ibid.

Fed. R. Bankr. P. 9006 (a)(1)(C) provides the method for calculating deadlines provided for in the Bankruptcy Rules. For periods stated in days parties are to "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Here, the Summons gave Defendant thirty (30) days to submit a response (Doc. 4); that time ran on Sunday, January 21, 2018, making any response due on Monday, January 22, 2018. Defendant's Response was filed on January 24, 2018. It appears that Defendant may have complied with the Summons by sending the response to the Clerk of Court by the 30th day.

Mid-Continent Cas. Co. v. King , 552 F.Supp.2d 1309, 1315-16 (N.D. Fla. 2008) (the failure to timely assert an affirmative defense does not constitute waiver of that defense).

Doc. 5. The first "fact" is not supported by any document(s); in paragraph 2 of the Amended Complaint Plaintiffs allege that a copy of the contract is attached as an Exhibit, but no documents of any kind are attached to the Amended Complaint. The fourth fact is incorrect; Defendant filed amended schedules listing Plaintiffs as creditors before Plaintiff filed this action.