[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 21-10456

————————————————

TL90108 LLC,

Petitioner-Appellant,

*versus*

JOSEPH LOUIS FORD, III,

Respondent-Appellee.

————————————————

Appeal from the United States Bankruptcy Court
for the Southern District of Florida
D.C. Docket No. 19-10309-EPK

————————————————

Before JILL PRYOR, NEWSOM, and LAGOA, Circuit Judges.

JILL PRYOR, Circuit Judge:

This appeal raises the question whether equitable tolling applies to Federal Rule of Bankruptcy Procedure 4007(c)'s deadline for a creditor to object, through the filing of a complaint under 11 U.S.C. § 523(c), to the discharge of a debt on the basis that the debt was fraudulently obtained. A previous panel of our court concluded in a published opinion that the answer is "no." *See In re Alton*, 837 F.2d 457 (11th Cir. 1988). Our Court's prior-panel-precedent rule requires us to reach the same result here unless *Alton* has been undermined to the point of abrogation by the United States Supreme Court's later decisions in *Kontrick v. Ryan*, 540 U.S. 443 (2004), and *Holland v. Florida*, 560 U.S. 631 (2010).

Appellee Joseph Ford sought to discharge his debts by filing a bankruptcy petition. After the Rule 4007(c) deadline for objecting expired, appellant TL90108 LLC ("TL") moved for leave to file a § 523(c) complaint seeking a ruling that Ford's debt to TL could not be discharged because Ford obtained the debt by fraud. The bankruptcy court denied TL's motion after concluding that its complaint was untimely and *Alton* foreclosed the possibility of equitable tolling.

On appeal, TL argues that the bankruptcy court erred in denying its motion. It says that the bankruptcy court should have found *Alton* no longer controlling and concluded that TL was entitled to equitable tolling based on Ford's fraud. TL also argues that its due process rights were violated because it received inadequate notice about Ford's bankruptcy before the filing deadline expired.

After careful review, and with the benefit of oral argument, we conclude that *Alton* remains controlling precedent. Although some of *Alton*'s reasoning is inconsistent with *Kontrick* and *Holland*, under our strict prior-panel-precedent rule the case has not been so undermined that we need not follow it. *Alton* thus compels us to conclude that Rule 4007(c)'s deadline may not be tolled based on equitable considerations. *Alton* also requires us to reject TL's due process challenge. We thus affirm the bankruptcy court's order denying TL's motion to extend the time to file its § 523(c) complaint.

## I.    BACKGROUND

According to Ford, a rare vehicle belonging to a Wisconsin man was stolen from the man's Milwaukee garage and shipped to Europe in 2001. While the vehicle was missing, Richard Mueller inherited ownership of the vehicle from the man, who died in 2005. Mueller then sold part of his interest in the vehicle to Ford. Around ten years later, TL purchased the missing vehicle from a third party in an overseas transaction. When TL tried to register the vehicle in the United States, Wisconsin authorities notified Ford and Mueller as the owners of record.

Since then, years of litigation involving TL, Ford, and Mueller have followed. Some two years after receiving notice of the sale, Ford and Mueller sued TL in Wisconsin state court, seeking a declaratory judgment that they were the rightful owners of the vehicle and a writ of replevin that would allow them to repossess it from TL. Later that year, the Wisconsin trial court dismissed

4                    Opinion of the Court                    21-10456

Ford and Mueller's complaint with prejudice on statute-of-repose grounds. Because of the dismissal, the parties conducted no discovery.

The Wisconsin Court of Appeals reversed the trial court's dismissal of Ford and Mueller's action. The Wisconsin Supreme Court then granted discretionary review of the reversal.

In January 2019, while the Wisconsin Supreme Court was considering the appeal, Ford filed for Chapter 11 bankruptcy. Shortly after filing, he submitted schedules listing his assets and liabilities. He failed to identify TL as a creditor or list any debt associated with the vehicle. He did, however, list as a pending legal action the lawsuit against TL seeking to recover possession of the vehicle. Ford did not provide TL with formal notice of the creditors' meeting in his bankruptcy case or alert it to any creditor filing deadlines.

About a month after filing for bankruptcy, Ford filed a "Suggestion of Bankruptcy" with the Wisconsin Supreme Court, which then notified TL of the bankruptcy proceeding. Doc. 467 at 4.[1] The Wisconsin Supreme Court stayed its consideration of the appeal due to Ford's bankruptcy filing.

In the bankruptcy proceeding, the court set an April 2019 deadline for any creditor to file a 11 U.S.C. § 523(c) complaint seeking a determination that a debt was not dischargeable. This deadline came from Federal Rule of Bankruptcy Procedure 4007(c),

---

[1] "Doc." refers to the bankruptcy court's docket entries.

which says that "a complaint to determine whether a debt is dischargeable under § 523(c) must be filed within 60 days after the first date set for the § 341(a) meeting of creditors." Fed. R. Bankr. P. 4007(c). TL failed to file a § 523(c) complaint before this deadline.

The Wisconsin Supreme Court eventually proceeded with the appeal of the replevin action's dismissal. The Court agreed with the Wisconsin Court of Appeals that the trial court erred when it dismissed the action on statute-of-repose grounds. After the case was remanded to the trial court, the parties began conducting discovery.

TL learned in discovery that Ford had conspired with the person who stole the vehicle to sell it to TL and then recover it in a replevin action. Based on this information, TL filed in the Wisconsin action counterclaims against Ford for conspiracy to defraud and unjust enrichment.

After learning about the fraud, TL tried to assert that its claim against Ford should not be discharged in his bankruptcy proceeding. In September 2020, it moved in the bankruptcy court for an order extending the deadline to file a § 523(c) complaint and ruling that its claim against Ford was exempt from discharge. In support of its motion, TL explained that it had just learned through discovery in the state court action information that would support a fraud claim against Ford. TL acknowledged the April 2019 deadline for filing a § 523(c) complaint. But it argued that it could not possibly have obtained the information supporting its fraud

6                        Opinion of the Court                    21-10456

complaint before the deadline because discovery had not yet begun in the Wisconsin action. TL urged the bankruptcy court to extend Rule 4007(c)'s deadline for filing a § 523(c) complaint based on equitable tolling. It also argued that the deadline should not apply because it received inadequate notice of the filing deadline to comport with due process.

Ford opposed TL's motion. It argued that TL was barred from filing a § 523(c) complaint after the Rule 4007(c) deadline had passed based on the plain language of the rule and our precedent in *Alton*. TL replied that *Alton*'s holding that equitable tolling did not apply was abrogated by the Supreme Court's decision in *Kontrick*, 540 U.S. at 447.

After a hearing, the bankruptcy court denied TL's motion to extend the time to file a § 523(c) complaint.[2] The court explained that under *Alton* it had no discretion to extend Rule 4007(c)'s deadline after the deadline had passed because equitable tolling of this deadline was unavailable. In reaching this conclusion, the court ruled that *Kontrick* had not abrogated *Alton*. The bankruptcy court did not address TL's due process argument.

This is TL's appeal.[3]

---

[2] Even though it was too late to file a § 523(c) complaint, the bankruptcy court granted TL's request for relief from the stay and permitted it to file a proof of claim.

[3] The bankruptcy court certified its order for direct appeal to this Court, explaining that there was "continuing disagreement among bankruptcy courts"

## II.    STANDARD OF REVIEW

We review *de novo* a bankruptcy court's conclusions of law. *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 698 (11th Cir. 2005).

## III.    DISCUSSION

On appeal, TL protests the bankruptcy court's order denying its motion to extend the deadline to file a complaint challenging the dischargeability of Ford's debt. It argues that the bankruptcy court should have ruled that (1) the deadline could be equitably tolled or (2) the deadline could not be enforced because TL had received inadequate notice of the deadline to satisfy due process. We first address the equitable tolling issue and then turn to TL's due process challenge.

## A.    The Bankruptcy Court Correctly Determined that Rule 4007(c)'s Filing Deadline May Not be Equitably Tolled.

This issue requires us to consider whether equitable tolling may be applied to the filing deadline Federal Rule of Bankruptcy Procedure 4007(c) imposes on creditors who seek to except fraudulently obtained debts from discharge. We previously held in a published opinion that Rule 4007(c)'s deadline may not be equitably tolled. *See Alton*, 837 F.2d at 458. TL argues that *Alton* does not

_____

about whether equitable tolling was available under Rule 4007. Doc. 576 at 4. We granted TL permission to appeal directly to this Court. *See* 28 U.S.C. § 158(d)(2)(A) (permitting a court of appeals to authorize a direct appeal of a bankruptcy court order that "involves a question of law requiring resolution of conflicting decisions").

bind us because it was abrogated by the Supreme Court's decisions in *Kontrick*, 540 U.S. at 447, and *Holland*, 560 U.S. at 634. We reject TL's argument. As we explain in this section, *Alton* remains binding precedent. We therefore reject TL's equitable tolling argument.

We begin with a brief review of the pertinent bankruptcy framework. When a Chapter 11 debtor files a bankruptcy petition, most of his pre-petition debts ordinarily are discharged, giving the debtor a fresh start. *See* 11 U.S.C. § 1141(d)(1) (providing that a debtor is generally relieved from any debt that arose before the date of plan confirmation); *see also Truck Ins. Exch. v. Kaiser Gypsum Co.*, 602 U.S. 268, 272 (2024) ("Bankruptcy offers individuals and businesses in financial distress a fresh start to reorganize, discharge their debts, and maximize the property available to creditors."). But not all. Some debts may be excepted from discharge. The debts that are not discharged include debts obtained by "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). A debt obtained by fraud will not be discharged if (1) the creditor files a request or complaint seeking an exception to discharge, and (2) following "notice and a hearing" the bankruptcy court finds cause to except the debt from discharge. *Id.* § 523(c)(1).

The Bankruptcy Rules dictate when a § 523(c) complaint may be filed. A creditor must file a complaint under § 523(c) "within 60 days after the first date set for the § 341(a) meeting of creditors." Fed R. Bankr. P. 4007(c). This deadline is also known as the bar date. The bar date can be extended for cause "[o]n a party in interest's motion filed before the time expires . . . after notice

21-10456                Opinion of the Court                9

and a hearing." *Id.* Another bankruptcy rule limits the court's authority to extend the time to file a § 523(c) complaint, however. Federal Rule of Bankruptcy Procedure 9006(b)(3) says that "[t]he court may extend the time to . . . act under Rule[] . . . 4007(c) . . . but only as permitted by [Rule 4007(c)]". Fed. R. Bankr. P. 9006(b)(3).[4] In Rule 4007(c), the only express permission for an extension is that the motion to extend must be filed before the bar date. The rule makes no mention of equitable doctrines or other tolling mechanisms.

We considered in *Alton* when, if ever, the Rule 4007(c) deadline to file a § 523(c) complaint may be extended. *See* 837 F.2d at 458. *Alton* arose from creditor Bronson Byrd's suit to recover money that the defendant, William Alton, allegedly took by fraud. *Id.* After Byrd filed suit, Alton filed a Chapter 11 bankruptcy petition and sent notice of the bankruptcy proceeding to Byrd, who acknowledged receipt. *Id.* Alton did not list Byrd as a creditor on his bankruptcy petition, though. *Id.* As a result, Byrd received no

---

[4] Rules 4007(c) and 9006(b)(3) were amended after the district court denied TL's motion to extend the time to file a § 523(c) complaint, but the amendments made only stylistic changes. *See* Fed. R. Bankr. P. 4007 advisory committee's note to 2024 amendment (explaining that the rule's language "has been amended as part of the general restyling of the Bankruptcy Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only"); Fed. R. Bankr. P. 9006 advisory committee's note to 2024 amendment (providing the same explanation except for substantive changes that are inapplicable here). In this opinion, we quote the post-amendment language of the rules currently in effect.

notice of the date set for the creditors' meeting or "the last day to file complaints regarding dischargeability of debts"—the Rule 4007(c) bar date. *Id.*

After the bar date passed, Byrd filed a motion to extend the time to file a § 523(c) complaint objecting to the debt's dischargeability. *Id.* The bankruptcy court denied Byrd's motion because it was filed too late. *Id.* The bankruptcy court reasoned that Byrd had received timely notice of the Chapter 11 proceeding "and therefore had a duty to inform himself about hearing dates and bar dates." *Id.* After the district court affirmed the bankruptcy court's decision, Byrd appealed. *Id.*

On appeal, Byrd argued that his motion to extend the bar date should have been granted on equitable grounds because "it was [the] debtor's own conduct [in failing to list Byrd as a creditor] that caused [him] to miss the filing deadline." *Id.* We rejected this argument. *Id.* Although we were "troubled" by Alton's failure to list Byrd as a creditor in his bankruptcy petition, which deprived Byrd of court-issued notices of upcoming bankruptcy events and deadlines, we explained that Alton's mailing of notice of the bankruptcy proceeding to Byrd "put Byrd on actual notice" of the proceeding. *Id.* at 458–59 (emphasis omitted). This actual notice "deprived Byrd of making any later claim of nondischargeability of his claim on the ground of lack of knowledge." *Id.* at 459.

We acknowledged that denying Byrd an extension of time to file a § 523(c) complaint was a "harsh" result. *Id.* Byrd may have expected to receive notices of bankruptcy-proceeding events,

21-10456                 Opinion of the Court                    11

including the creditors' meeting and the bar date to file a § 523(c) complaint. *Id.* Still, we reasoned that "the time specifications set out in the Bankruptcy Code are sufficiently clear to have placed an obligation on creditor Byrd to follow the case and to take the timely action necessary to pursue his claim." *Id.* Indeed, Rule 4007(c) required "any motion to extend the time period for filing a [§ 523(c)] complaint must be made *before* the running of that period." *Id.* (emphasis in original). Thus, we concluded, "[i]t [wa]s not our place to change" the rule because the filing deadline for such a motion was "clear." *Id.*

At the start, we conclude that if *Alton* has not been abrogated, it forecloses TL's argument that Rule 4007(c)'s deadline to file a § 523(c) complaint may be equitably tolled. We said unequivocally in *Alton* that "we reject[ed] Byrd's equities argument" that Rule 4007(c)'s deadline should be extended. *Id.* at 458. We explained that even intentionally misleading actions by a debtor cannot negate a creditor's obligation to timely file a § 523(c) complaint or extension motion before the bar date. *See id.* at 459. Our prior-panel-precedent rule dictates that "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting en banc." *United States v. Armstrong*, 122 F.4th 1278, 1288 (11th Cir. 2024) (alteration adopted) (emphasis omitted) (internal quotation marks omitted). Thus, our prior-panel-

12                    Opinion of the Court                    21-10456

precedent rule would require us to reject TL's equitable tolling argument if *Alton* remains good law.[5]

TL argues on appeal that *Alton* does not foreclose its equitable tolling argument because the decision has been undermined to the point of abrogation by the Supreme Court's subsequent decisions in *Kontrick*, 540 U.S. at 447, and *Holland*, 560 U.S. at 634. We address these decisions next.

In *Kontrick*, the Supreme Court examined Federal Rule of Bankruptcy Procedure 4004. 540 U.S. at 446. Like Rule 4007, Rule 4004 imposes deadlines for certain bankruptcy filings.[6] *Id.* At issue in *Kontrick* was whether a debtor could raise Rule 4004 as a defense at any point in the bankruptcy proceeding—because it was a jurisdictional rule—or whether it instead could be forfeited[7] if not

---

[5] The Supreme Court appears to agree that *Alton* held equitable doctrines to be inapplicable to Rule 4007(c). *See Kontrick*, 540 U.S. at 457 n.11 (describing *Alton* as having held that "Rule 4007(c) confers no discretion to grant an untimely motion to extend the time to object" and contrasting *Alton* with other circuits' decisions concluding that Rule 4007(c) allows for equitable exceptions).

[6] In *Kontrick*, the Supreme Court explained that Rule 4007(c) "tracks Rules 4004(a) and (b)" and noted that "courts have considered decisions construing Rule 4007(c) in determining whether the time limits delineated in Rules 4004(a) and (b) may be forfeited." 540 U.S. at 448 n.3.

[7] As the Supreme Court noted, the issue in *Kontrick* "is more accurately described as one of forfeiture rather than waiver." *Kontrick*, 540 U.S. at 458 n.13 (internal quotation marks omitted). "Although jurists often use the words interchangeably, forfeiture is the failure to make the timely assertion of a right[,]

timely raised—because it was a nonjurisdictional claim-processing rule. *See id.* at 447. The Supreme Court held that Rule 4004 was a nonjurisdictional claim-processing rule and the debtor had forfeited the rule's protection by waiting too long to raise it. *Id.* at 456–60. Although the Court concluded that Rule 4004 was a nonjurisdictional claim-processing rule, it stopped short of deciding whether Rule 4004's time limits were subject to equitable tolling. *See id.* at 457 (declining to address whether Rule 4004 is subject to equitable tolling because *Kontrick* "involve[d] no issue of equitable tolling or any other equity-based exception"). Both parties acknowledge that *Kontrick* left open this question.

After *Kontrick*, the Court considered, in *Holland*, 560 U.S. at 645, whether the nonjurisdictional statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA") may be equitably tolled. The Court concluded that "a nonjurisdictional federal statute of limitations is normally subject to a rebuttable presumption in *favor* of equitable tolling." *Id.* at 645–46 (emphasis in original) (internal quotation marks omitted). Thus, based on the combination of *Kontrick* and *Holland*, the limitations period in Rule 4004—closely related to Rule 4007—is presumably subject to equitable tolling.

TL contends that "*Kontrick* eliminated the core basis for *Alton* by establishing that Rule 4007(c) is not jurisdictional." Reply Br. 15. It argues that Rule 4007(c) instead establishes a "non-

---

[while] waiver is the intentional relinquishment or abandonment of a known right[] . . . ." *Id.* (internal quotation marks omitted).

jurisdictional claim-processing" rule. *Id.* at 16. It urges us to conclude, based on a "a rebuttable presumption in *favor* of equitable tolling," that this deadline is subject to equitable tolling. *Id.* (alteration adopted) (emphasis in original) (quoting *Holland*, 560 U.S. at 645–46)). Taken together, TL argues that *Kontrick* and *Holland* "have removed *Alton*'s doctrinal underpinning to the point of abrogation, leaving behind the presumption in favor of equitable tolling." *Id.*

To begin with, we agree with TL that Rule 4007(c) is a nonjurisdictional claim-processing rule rather than a jurisdictional requirement. As we explained above, the Supreme Court concluded in *Kontrick* that Rule 4004 is a nonjurisdictional claim-processing rule. *See* 540 U.S. at 454 (explaining that Rule 4004's filing deadline is a "claim-processing rule[] that do[es] not delineate what cases bankruptcy courts are competent to adjudicate"). In reaching this conclusion, the Court explained that "[i]t is axiomatic" that the bankruptcy rules pertaining to objections to discharge "do not create or withdraw federal jurisdiction." *Id.* at 453 (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978)). Further, the Court also looked to Federal Rule of Bankruptcy Procedure 9030, which provides that "the Bankruptcy Rules 'shall not be construed to extend or limit the jurisdiction of the courts.'" *Id.* (quoting Fed. R. Bankr. P. 9030). As a bankruptcy rule pertaining to objections to discharge, Rule 4007(c) is a near-perfect match to the Supreme Court's reasoning. And any doubt that Rule 4007(c) is a nonjurisdictional claim-processing rule like Rule 4004 is erased by the Supreme Court's explanation that "Rule 4007(c) tracks

Rules 4004(a) and (b)" and courts have treated the rules similarly "[b]ecause of the practical identity of the [rules'] time prescriptions." *Id.* at 448 n.3.[8]

We now turn to whether *Alton* remains binding precedent or has been "undermined to the point of abrogation by the Supreme Court." *Armstrong*, 122 F.4th at 1288 (internal quotation marks omitted). "For a Supreme Court decision to undermine panel precedent to the point of abrogation, the decision must be clearly on point and clearly contrary" to our earlier decision. *Edwards v. U.S. Att'y Gen.*, 97 F.4th 725, 743 (11th Cir. 2024) (emphasis omitted) (internal quotation marks omitted). If the Supreme Court "never discussed our precedent and did not otherwise comment on the precise issue before the prior panel, our precedent remains binding." *Jennings v. Sec'y, Fla. Dep't of Corr.*, 108 F.4th 1299, 1304 (11th Cir. 2024) (alteration adopted) (internal quotation marks omitted). Indeed, the Supreme Court decision "must demolish and eviscerate each of [our decision's] fundamental props." *Id.* (internal quotation marks omitted). An intervening decision that "merely weakens the holding of an earlier panel is not sufficient to abrogate that holding." *Id.* (alteration adopted) (internal quotation marks

---

[8] Our earlier conclusion in *In re Coggin*, 30 F.3d 1443, 1450–51 (11th Cir. 1994), that Rule 4004 was jurisdictional was expressly rejected by the Supreme Court in *Kontrick. See Kontrick*, 540 U.S. at 452 n.6. Thus, we are not bound by *Coggin. See Edwards v. U.S. Att'y Gen.*, 97 F.4th 725, 743 (11th Cir. 2024) (explaining that an intervening Supreme Court decision abrogates panel precedent when it is "clearly on point and clearly contrary to the panel precedent" (emphasis omitted) (internal quotation marks omitted)).

omitted). Put another way, "[e]ven if the reasoning of an intervening high court decision is at odds with a prior appellate court decision, that does not provide the appellate court with a basis from departing from its prior decision." *Id.* at 1305 (internal quotation marks omitted). So long as our precedent's holding retains at least "one valid basis or rationale," it remains binding. *Del Castillo v. Sec'y, Fla. Dep't of Health*, 26 F.4th 1214, 1223 (11th Cir. 2022).

We begin with whether *Kontrick* and *Holland* are "clearly on point and clearly contrary" to *Alton*. *Edwards*, 97 F.4th at 743 (emphasis omitted) (internal quotation marks omitted). They are not. First off, *Kontrick* expressly declined to reach the question whether Rule 4004 can be equitably tolled. *See* 540 U.S. at 457 ("Whether [Rule 4004], despite [its] strict limitations, could be softened on equitable grounds is . . . a question we do not reach." (footnote omitted)). Thus, even though the Court's interpretation of Rule 4004 in *Kontrick* controls our interpretation of Rule 4007 here, nothing in the decision tells us whether Rule 4007 can be equitably tolled. And *Holland* addressed a different question: equitable tolling's applicability to AEDPA—not the Bankruptcy Rules.

Nor has the Supreme Court "discussed" *Alton* or "comment[ed] on the precise issue before" us in *Alton*. *Jennings*, 108 F.4th at 1304 (internal quotation marks omitted). Even though the Court mentioned *Alton* and the equitable tolling issue in *Kontrick*, it did so to illustrate that the circuits have disagreed over the applicability of equitable tolling in the Rule 4007 context. *See Kontrick*, 540 U.S. at 457 n.11 (citing *Alton* and other circuits' related decisions to

illustrate that "[l]ower courts have divided on the question whether Bankruptcy Rules 4004 and 4007(c) allow equitable exceptions"). The Supreme Court's characterization of the issue in *Alton* as an open question is far from enough to abrogate our precedent.

Turning to whether the later Supreme Court decisions "demolish and eviscerate each of [*Alton*'s] fundamental props," again our answer is "no." *Jennings*, 108 F.4th at 1304 (internal quotation marks omitted). TL contends that *Kontrick* and *Holland* have weakened *Alton*'s "doctrinal underpinning"—that Rule 4007(c) is a jurisdictional, rather than a claim-processing, requirement. Reply Br. 16. The problem for TL is that this alleged doctrinal underpinning is nowhere to be found in *Alton*. *Alton* makes no mention of this distinction at all.

In *Alton*, we relied not on the distinction between jurisdictional and claim-processing rules but, instead, on the Bankruptcy Rule's plain language in concluding that the creditor, Byrd, was required to file a § 523(c) complaint before the bar date. *See Alton*, 837 F.2d at 459 (rejecting Byrd's equities argument because "the time specifications set out in the Bankruptcy Code are sufficiently clear to have placed an obligation on creditor Byrd to follow the case and to take the timely action necessary to pursue his claim."). The doctrinal underpinning of our decision in *Alton* was a plain reading of Rule 4007(c) and the absence of any express language in the rule indicating that its deadline was subject to equitable doctrines. The question, then, is whether *Alton*'s reliance on a plain reading of Rule 4007(c), was "demolish[ed] and eviscerate[d]" by

the intervening Supreme Court decisions. *Jennings*, 108 F.4th at 1304 (internal quotation marks omitted). The Supreme Court's decision in *Nutraceutical Corp. v. Lambert*, 586 U.S. 188 (2019), which followed *Holland* and *Kontrick*, confirms that it was not.

In *Lambert*, the Supreme Court considered whether the deadline for filing a petition for permission to appeal under Federal Rule of Civil Procedure 23(f) was subject to equitable tolling. The Court explained that when "the pertinent rule or rules invoked show a clear intent to preclude tolling, courts are without authority to make exceptions merely because a litigant appears to have been diligent, reasonably mistaken, or otherwise deserving." *Lambert*, 586 U.S. at 192–93. The Court concluded that this bar on equitable tolling applies even when the rule is nonjurisdictional. *See id.* at 192 ("Whether a rule precludes equitable tolling turns not on its jurisdictional character but rather on *whether the text of the rule leaves room* for such flexibility." (emphasis added)). Applying this principle, the Supreme Court examined the text of Rule 23(f) and the relevant Federal Rules of Appellate Procedure to determine whether there was a clear intent to preclude equitable tolling. *Id.* at 193. The Court concluded that Rule 23(f) was not subject to equitable tolling because the relevant rules "express[ed] a clear intent to compel rigorous enforcement of Rule 23(f)'s deadline, even where good cause for equitable tolling might otherwise exist." *Id.*

*Lambert*'s instruction to consider "whether the text of the rule leaves room" for equitable tolling bolsters, rather than undermines, *Alton*'s holding that the text of Rule 4007 left no flexibility

to equitably toll the deadline to file a § 523(c) complaint. *Id.* at 192. To be sure, even if the portion of *Lambert*'s reasoning that focused on whether Rule 23(f) was a nonjurisdictional claim-processing rule was absent from or was "at odds with" *Alton*'s reasoning, "that does not provide [this Court] with a basis from departing from [*Alton*]." *Jennings*, 108 F.4th at 1305 (internal quotation marks omitted). Instead, *Lambert* informs us that *Alton*'s foundation—that Rule 4007(c)'s mandatory language does not allow for equitable tolling—remains a "valid basis or rationale" after *Kontrick* and *Holland*. *Del Castillo*, 26 F.4th at 1223.

After *Kontrick* and *Holland*, *Alton* remains binding precedent. We thus reject TL's equitable tolling challenge to the bankruptcy court's order denying TL's motion to extend the time to file a § 523(c) complaint.

## B.    TL Received Actual Notice of the Bankruptcy Proceeding, Which Was Sufficient to Satisfy Due Process.

As an additional basis for relief, TL argues on appeal that because "courts have discretion to consider . . . due process grounds as a basis for extending" the Rule 4007(c) deadline, we should remand to the district court with instructions to remand to the bankruptcy court to allow the bankruptcy court to address the merits of such an extension in this case. Appellant's Br. 39. In support, TL points to our recognition in *Alton* that "due process provides an avenue for federal courts to extend the Rule 4007(c) deadline." *Id.* at 31 (citing *Alton*, 837 F.2d at 460–61, 461 n.4). In TL's view, it would

be "fundamentally contrary" to due process to deny such an extension in this case "simply because of the fortuity that TL had notice of Ford's bankruptcy before the April 2019 claims bar date." *Id.* at 37. As we explain next, we conclude as a matter of law that such an extension is not warranted here because the pertinent facts are not in dispute and TL received all the notice our precedent requires to satisfy due process.

Like TL here, in *Alton*, the creditor, Byrd, argued that his request to extend the time to file a §523(c) complaint under Rule 4007(c) should have been granted because he lacked sufficient notice from the bankruptcy court. 837 F.2d at 458. Byrd pointed to the fact that "he never received the required notice of the bar date"; instead, he merely received notice of the bankruptcy proceeding. *Id.* In Byrd's view, the bankruptcy court's denial of his request to extend the filing period considering the deficient notice was "a violation of his fifth amendment right of due process." *Id.*

We rejected this argument and concluded that mere notice of the bankruptcy proceeding is constitutionally adequate and satisfies due process in these circumstances. *See id.* at 460–61 (concluding that there was no due process violation because "creditor Byrd received actual written notice of the bankruptcy proceeding" before the bar date). We explained that, in this context, sufficient notice means "a notice adequate 'to apprise [the creditor] of the pendency of the action and afford him an opportunity to present his objections.'" *Id.* at 461 (quoting *Mullane v. Cent. Hanover Tr. Co.*, 339 U.S. 306, 314 (1950) (alterations adopted)). We acknowledged

that if a creditor "had *no* notice of [the] bankruptcy proceeding," his claim could not be discharged by the bankruptcy court. *Id.* at 461 n.4 (emphasis in original). But so long as the creditor had "knowledge of a pending bankruptcy proceeding," she was bound by the bar date, regardless of whether she "received official notice from the court of various pertinent dates." *Id.* at 460; *see also id.* (framing the due process inquiry as whether the creditor had "actual knowledge of the case" (emphasis omitted) (internal quotation marks omitted)). Thus, we affirmed the bankruptcy court's denial of Byrd's motion to extend the time to file a § 523(c) complaint because he had timely notice of the bankruptcy proceeding. *Id.* at 461.

Here, it is undisputed that Ford provided TL notice of the bankruptcy proceeding before Rule 4007(c)'s deadline for TL to file a § 523(c) complaint. TL learned of the bankruptcy proceeding when Ford filed the suggestion of bankruptcy with the Wisconsin Supreme Court. Because TL had actual knowledge of the bankruptcy case, its due process argument fails.

TL argues that we should focus the due process analysis instead on whether TL had a duty to inquire of its status as a creditor by the Rule 4007(c) deadline. TL says that even though it had actual knowledge of the bankruptcy proceeding by the Rule 4007(c) deadline, it had no notice that it was a creditor of Ford's by that deadline because Ford concealed the existence of its debt to TL. TL points in support of its argument to the fact that before the deadline it had no reason to believe that Ford was indebted to it.

TL's argument is foreclosed by our binding precedent. We concluded in *Alton* that "the language of 11 U.S.C. § 523 . . . makes actual notice [of the bankruptcy case] sufficient to impose a duty-to-inquire on the creditor." *Id.* at 460. So, under *Alton*, TL was placed on inquiry notice before the Rule 4007(c) deadline when it discovered that Ford had declared bankruptcy. Although we are sympathetic to TL's position that the inquiry may prove to be difficult when the debtor conceals the existence of its debt to the creditor, due process requires no notice beyond what TL received here.

In sum, TL's due process challenge to the bankruptcy court's order denying its motion to file an untimely § 523(c) complaint fails under our prior-panel-precedent rule. No subsequent Supreme Court decision has abrogated *Alton*'s holding that official notice of the bankruptcy proceeding puts creditors on inquiry notice and satisfies due process. We are bound by *Alton* to reject TL's argument that the Rule 4007(c) deadline should be extended because due process principles required more or different notice here.

## IV.    CONCLUSION

For the above reasons, we affirm the bankruptcy court's order denying TL's motion to extend the deadline to file a complaint pursuant to 11 U.S.C. § 523(c).

**AFFIRMED.**